## SIMMONS *v.* LAW.

December, 1866.

Affirming 8 Bosw. 213.

Under a bill of lading for the carriage of goods from San Francisco to New York, to be shipped from San Francisco to Panama, forwarded across the isthmus and reshipped thence to New York, the carrier, if admitted to have been a carrier between the termini, is chargeable as such for a loss upon the isthmus.

If by the fair construction of the bill of lading he would be thus liable, evidence is not admissible, that there was a custom of shippers, known to the owner, to insure on the isthmus, and of carriers to refuse to be liable as such on the isthmus.

A clear, certain and distinct contract is not liable to modification by proof of custom.

George A. Simmons sued George Law, in the New York superior court to recover the the value of a quantity of gold-

IV.—16

dust shipped by the defendant's line of steamers, from San Francisco to New York, on March 14, 1851. Defendant was a common carrier between those places, and received the gold-dust in that capacity. This was alleged and admitted in the pleadings, and was proved on the trial. The package never reached New York, and plaintiff after demand, sued for its value.

A bill of lading was given by defendant's agent at San Francisco, giving the marks and numbers upon the package, its alleged value, and in the margin, expressing a portion of the contract as follows:

" Freight through to New York 1½ per cent, $50.29, and five per cent primage, $2.51—(total) paid, $52.80. Received payment, through to New York, O. Charlick, per Crane."

The body of the bill of lading contained the same general contract, its language declaring that the package was shipped on the Antelope, for Panama, thence to be forwarded across the isthmus, and to be reshipped by steamer of a specified company ; and with the following qualification of the ordinary contract of carriage, upon which the questions presented in this case arose. It was in these words: The property is . . " to be delivered in like good order and condition at the port, of New York, dangers of the seas (land carriage and river navigation, thieves and robbers) excepted, unto George A. Simmons, or," &c.

At the trial defendant requested the judge to instruct the jury that as to the passage of the isthmus, he was a mere forwarder, and actual negligence must therefore be proved. This the judge refused. The instructions he gave are stated in the opinion.

*The superior court*, at general term, on appeal from a judgment on a verdict for plaintiff, held there was no foundation in the contract for the request, and that proof of a usage to the same effect was inadmissible.

*John N. Ashmead*, for defendant, appellant.

*William Bliss*, for plaintiff, respondent.

BY THE COURT.—HUNT, J. [After stating facts.]—On the

trial the judge charged the jury, that the defendant agreed to deliver the gold-dust, unless he was prevented by some one of the perils or causes specified in the bill of lading ; that among those were dangers of the seas, land carriage, river navigation, thieves and robbers ; that, the dust not having been received, it was incumbent on the defendant to show by satisfactory evidence that some one of these causes prevented the delivery. The judge further stated that there was no pretense that the property was lost by dangers of the seas or by robbers ; there was no pretense that the persons in charge were attacked by any person, or that it was taken from them by violence, and that the question of fact submitted to them by the counsel for the defendant was, that it was really stolen, lost by thieves. The learned judge charged the jury that if the property was lost by means of any of the perils excepted from the risk, the defendant was not liable. This gave the defendant the full benefit of the construction of the clause in question, as claimed by him. The judge submitted to the jury the question whether the money, if stolen, was stolen by persons in the employment of the defendant or the company, their servants, agents or employees, or whether it was stolen by persons not in the employment of or connected with the service of the company ; that in the former event the defendant would be liable, and in the latter event he would not be liable. No exception was taken to this ruling of the law, or any part of it. It is now expressly conceded on the points of the defendant's counsel, that if the missing treasure was stolen by the servants of the carrier, the carrier would be responsible for the loss, notwithstanding the exemptions of the contract. 1 *Story on Bailm.* § 528. No question, therefore, arises upon the construction of the contract in its general aspect, or upon the charge to the jury.

The defendant's counsel claims error in the rejection of certain proof offered by him as follows : " That it was the custom of shippers of treasure to insure it against risks upon the isthmus ; that there was a custom in reference to the transportation across the isthmus in 1851 and previous thereto, by which the carrier of gold from San Francisco to New York refused to assume any risk on the isthmus, and that the bills of lading then in use excepted all risks of land and river car-

riage on the Isthmus; that the bill of lading in evidence was entered into with this understanding for the purpose of explaining any ambiguity in the language of the bill of lading, and that these customs were known to the shippers in the present instance." The evidence was rejected.

The contract in question was clear and distinct, free from all ambiguity, open to no doubt whatever. On the clause of exemptions from perils, the court ruled the construction as matter of law, and ruled it in conformity with the defendant's views. There was, therefore, no room for proof of custom. A clear, certain and distinct contract is not subject to modification by proof of custom. Such a contract disposes of all customs and practices by its own terms, and by its terms alone is the conduct of the parties to be regulated and their liability to be determined. The Reeside, 2 *Sumn.* 567; Wadsworth *v.* Alcott, 6 *N. Y.* 64; Westcott *v.* Thompson, 18 *N. Y.* 363, 367; *Ang. on Com. Car.* § 229. There was no error therefore in the rejection of the evidence thus offered.

The defendant's counsel also requested the court to charge the jury " that the true construction of the bill of lading is, that the transportation on the isthmus by road and river navigation, was to be at the risk of the plaintiff, and that so far as the isthmus was concerned, the defendant was a bailee for hire and not a common carrier, and that the plaintiff cannot recover unless he proves that his loss was by the negligence of the defendant or his agents." This charge the judge declined to give. As I have stated, it was expressly alleged in the complaint that the defendant received the goods in his capacity of common carrier, upon a contract to transport them to New York, and that this allegation, by not being denied in the answer, was admitted by the defendant. The bill of lading introduced in evidence also contained an express contract, both in the margin and in its body, to carry the goods the whole distance. The contract is single and applies to all parts of the route, as the payment of freight was the compensation for the entire transportation. In the event of losses from certain causes specified, the defendant was not to be liable, while upon the happening of a loss from any other cause, he was bound to make good the loss. The exceptions specified do not apply

exclusively to the isthmus. The exception of dangers of the seas extended over the whole route; that of river navigation might, for aught we know, apply to short carriages at San Francisco or New York, that of thieves or robbers would relieve from the liability for the acts of these marauders wherever they might occur, and during any part of the voyage, upon either ocean, as well as upon the isthmus. It would have been in manifest violation of the terms of the contract to have given the direction asked for by the defendant's counsel. By the nature of the contract, the defendant was a common carrier, and responsible for the entire transportation. Sweet *v.* Barney, 23 *N. Y.* 337. It does not affect this position that the contract contained special provisions. So far as it was special the common law liability was qualified; in all other respects it remained. In any contract of transportation there are certain qualifications of the carrier's liability, which exist whether expressly mentioned or left unnoticed. The law provides that if the loss occurs from the act of God or the public enemies, the carrier is not liable. Neither these exceptions nor other more extended ones destroy the general effect of the contract of the carrier. They simply limit or qualify it. His general liability exists, and if the loss arises from any cause, excepted either by the rules of law or the qualifications of the contract, he is so far relieved from liability, but no farther. Clark *v.* Rochester & Syracuse Railroad Co., 14 *N. Y.* 570; Merritt *v.* Earle, 29 *N. Y.* 115; Palmer *v.* Grand Junction R. R. Co., 4 *Mees. & W.* 749; *Story on Bailm.* § 557; *Ang. on Com. Car.* § 220; Reed *v.* Spaulding, 30 *N. Y.* 630; Dorr *v.* New Jersey Steam Nav. Co., 11 *N. Y.* 485. There is therefore no basis for the claim, that upon the isthmus the defendant was a bailee for hire simply. Then, as in the other parts of the transportation, he was a common carrier, and subject to the liabilities of that character, except so far as they were modified by the terms of the contract in which the transportation was undertaken.

[Remarks on immaterial questions are omitted.]

All the judges concurred.

Judgment affirmed, with costs.