# N. Y. SUPERIOR COURT.

MORRIS FALKENAN *et al.*, plaintiffs and respondents, agt.
WILLIAM G. FARGO, President of the American Merchants
Union Express Company, defendant and appellant.

Where a shipper and owner of goods, at the time of delivering the same to an express company for transportation, also deliver to the express company for their signature a blank receipt in their possession, filled up by him at his office, containing the names of both parties, and a series of conditions and clauses regulating the manner of transportation and the liability of the express company in certain cases and contingencies, and such receipt at the time of the delivery of the merchandize is presented by the shipper to the express company for their signature, and is signed by the latter and returned to the shipper, it constitutes a *special contract*, and binding upon both parties when acted under.

Where such contract provides that the express company is not to be held liable for any loss or damage by fire, they are not liable where the goods shipped are burned up, without any fault or neglect on the part of the company, while in *transitu*.

*General Term, November*, 1872.

*Before* BARBOUR, *Ch. J.*, FREEDMAN *and* SEDGWICK, *JJ.*

THE action was brought to recover the value of a package of jewelry belonging to the plaintiffs, and delivered by them to the American Merchants Union Express Company to be transported and delivered by said company to A. B. Van Cott, plaintiffs' agent at Milwaukee, Wisconsin; but which, owing to the negligence of the company, never reached its place of destination. The answer admitted the receipt of the package, but denied the allegations of the complaint as to contents and value, and the company's negligence. It then set up as follows:

"That at the time of the delivery of the said package to the company there was delivered by the shippers of said package to the said company, for their signature, an agree-

ment partly written and partly printed, which agreement was signed by the said company, and re-delivered to the shippers of said package, and accepted by them; that said agreement constitutes the sole and only contract between the parties to this action respecting the forwarding and transporting of the said package, and by the terms thereof the said company is not liable beyond the sum of fifty dollars for the loss of the said package.

"Defendants further aver that by the failure on the part of the shippers of the said package to inform the defendants of the value of the same, defendants were deprived of their just reward for the transportation of the same.

"Defendants further aver that they undertook to transport the said package according to the directions thereon, and used all reasonable care and diligence in the prosecution of their said undertaking; that the defendants being made to believe by the plaintiffs the said package contained ordinary merchandize only, placed the same in their car with their ordinary merchandize for transportation as aforesaid; that the said car, while on the Michigan Central Railroad, near Ann Harbor, Michigan, was burned with all its contents, including the package in question, on the night of the 16th of October, 1870, without any fault or negligence on the part of the defendants; that had the defendants known or had any reason to believe that the said package was a valuable one, they would not have placed the same in said car with their ordinary merchandise, but would have placed the same in their safe with other valuable packages, and that in that case the said package would not have been destroyed and lost to plaintiffs."

Upon the trial, plaintiffs proved the value of the package to be $1,658 16, and rested.

After defendants' motion for a dismissal of the complaint had been denied, defendants' counsel called upon plaintiffs to produce the contract referred to in the answer. It was

Falkenan agt. Fargo.

produced and put in evidence by the defendant, and marked "Exhibit A." It read as follows:

"American Merchants Union Express Company, New York, Oct. 15, 1870. Received of Falkenan, Pollak & Co., 1 pkge. said to contain ———, valued at ———, value not given ——— dollars. Marked A. B. Van Cott, Milwaukee, Wis., which we undertake to forward to the nearest point of destination reached by this company, subject expressly to the following conditions, namely: This company is not to be held liable for any loss or damage except as forwarders only, nor for any loss or damage by fire, by the dangers of navigation, by the act of God, or of the enemies of the government, the restraints of government, mobs, riots, insurrections, pirates, or from or by reason of any of the hazards or dangers incident to a state of war. Nor shall this company be liable for any default or negligence of any person, corporation or association to whom the above-described property shall or may be delivered by this company for the performance of any act or duty in respect thereto, at any place or point off the established routes or lines run by this company; and any such person, corporation or association is not to be regarded, deemed or taken to be the agent of this company for any such purpose, but on the contrary such person, corporation or association shall be deemed and taken to be the agent of the person, corporation or association from whom this company received the property above described. It being understood that this company relies upon the various railroad and steamboat lines of the country for its means of forwarding property delivered to it to be forwarded, it is agreed that it shall not be liable for any damage to said property caused by the detention of any train of cars, or of any steamboat upon which said property shall be placed for transportation; nor by the neglect or refusal of any railroad company or steamboat to receive and forward the said property.

"Nor shall this company be liable for any loss or damage of any box, package or thing for over $50, unless the just and true value thereof is herein stated; nor upon any property or thing unless properly packed and secur d for transportation; nor upon any fragile fabrics unless so marked upon the package containing the same; nor upon any fabrics consi-ting of, or contained in, glass. This company will not be liable for any loss or damage unless the claim therefor shall be made in writing within thirty days from the accruing of the. cause of action, in a statement to which this receipt shall be annexed. The party accepting this receipt hereby agrees to the conditions herein contained.

"For the company,        McKinney, Agent."

Plaintiffs admitted that the body of the paper, exhibit " A," was written in by the plaintiffs at their office, and that the same so filled up was presented by them to the defendants for their signature when the package in question was delivered to the defendant; that it was then signed by the defendants and re-delivered to the plaintiffs.

Plaintiffs also admitted that the package in question, with its contents, was burned while *in transitu*, without fault or negligence on the part of the defendants. Testimony closed.

Defendant's counsel moved that the complaint be dismissed on the ground that as under the evidence no negligence was proved on defendant's part, the plaintiffs cannot recover. Motion denied and defendants excepted.

Defendants' counsel moved the court to instruct the jury to find a verdict for the defendants upon all the evidence. Motion denied; defendants' counsel duly excepted.

Defendants' counsel moved the court to instruct the jury that in any event the plaintiffs are not entitled, under the evidence, to recover beyond the sum of $50, with interest from the time the cause of action, if any, accrued. Motion denied; defendant's counsel duly excepted.

The court directed the jury to render a verdict for the

plaintiffs for the sum of $1,832 26, being the value of the package, with interest.   Defendants' counsel duly excepted.

The court directed judgment to be suspended, and .the exceptions to be heard, in the first instance, at general term.

*By the court;* FREEDMAN, *J.*—The plaintiffs in this action are not in a position to claim the benefit of the doctrine that a common carrier cannot secure a limitation or restriction of his common law liability by a mere notice indorsed upon or incorporated in his receipt, and that such notice is, at most, only a proposal for a special contract, which requires the assent of the shipper to its terms.   According to the evidence, the plaintiffs had in their possession a blank receipt for the transportation of merchandise, which contained the name of the American Merchants' Union Express Company as forwarders, the name of plaintiffs' firm in large Roman capitals, as ship·ers, and a series of conditions and clauses regulating the manner of transportation, and the liability of the express company in certain cases and contingencies.   This blank receipt was filled up by the plaintiffs at their own office, and the receipt, as thus prepared, was thereafter, namely, at the time of the delivery of the merchandise for transportation, presented by plaintiffs to the express company for signature. It, therefore, constituted a proposal, on the part of the plaintiffs for a special contract, which was wholly of their own creation, and in the making of which they had not been influenced by any act on the part of the company.

Now, as every person is presumed to intend that which is the ordinary and natural consequences of his own purposed act, it follows that when the express company assented to such proposal by signing the same and re-delivering it to the plaintiffs, the proposal ripened into a special contract, and as such it became binding upon both parties.   In regard to the provisions of that contract plaintiffs cannot be permitted to plead ignorance.   Upon this point the case at bar is. analogous to *Breese* agt. *U. S. Telegraph Company* (45

*Barb.*, 274, *affirmed in* 48 *N. Y.*, 132) ; and *Westcott* agt. *Fargo*, decided by the general term of the supreme court of the fourth department at the June term of 1872.

The liability of the company is to be measured, therefore, by the terms of the special contract, and by that it is provided that the company is not to be held liable for any loss or damage by fire.

Now, although that provision does not include loss or damage by fire, occasioned by the carelessness or negligence of the company, or its agents, or servants, in respect to which the common law liability of the company remained unaltered (*Simmons* agt. *Law*, 3 *Keyes*, 217 ; *Maguin* agt. *Dinsmore*, *President*, *&c.*, decided by the general term of the court on the 1st of January, 1873), yet, plaintiffs having admitted on the trial not only that the merchandise was burned while *in transitu*, but also that this occurred without fault or negligence on the part of the company, nothing remained, upon which, under the terms of the contract, a liability on the part of the defendants for the loss, which had thus occurred, could be predicated (*Lamb et. al.* agt. *Camden & Amboy R. R. & T. C.*, 46 *N. Y.*, 271).

The clause that the company shall not be liable for any loss or damage of any box, package, or thing, for over fifty dollars, unless the just and true value thereof is stated in the receipt, cannot, by any just construction of the whole instrument, be made to work by the mere neglect of the shipper to declare the value a limited liability on the part of the company when no liability outside of it exists. Until a liability is actually incurred the limitation clause remains a mere dormant stipulation.

When, therefore, it appeared from the uncontroverted and admitted facts of the case that the company was, in respect to the transportation of the merchandise in question, only an ordinary bailee or private carrier for hire according to the terms of the special contract, that by the latter the company was wholly exempted from liability for loss or damage

Falkenan agt. Fargo.

by fire ; that the merchandise was destroyed by fire, while *in transitu* ; and that such fire occurred without fault or neglect on the part of the company, or any of its agents or servants, the verdict, instead of being directed in favor of the plaintiffs, should have been directed for the defendants.

Defendants' exceptions must be sustained, the verdict set aside, and a new trial ordered, with costs to appellant, to abide the event.

BARBOUR, Ch. J., and SEDGWICK, J., concurred.