By the Court.—Monell, J.
I have no doubt that the charge of the learned judge was correct, if the evidence of negligence on the part of the carriers was *185 sufficient to go to the jury; and the sufficiency of such evidence is to be ascertained by determining where the burthen of proof lies.
There is nothing in the defendants’ contract which relieves them from liability for loss caused by their, or their servants’, negligence. If one of the exemptions in their agreement, in terms, secured to the defendants exoneration for any neglect, or want of due and proper care ; and if there was neglect, or want of proper care on their part, then their common-law liability attached, notwithstanding the value of the property lost exceeded the stipulated amount, or that the immediate cause of the loss may have been within one or other of the exemptions named in their contract (Simmons v. Law, 3 Keyes, 217).
The only proof of negligence relied on by the plaintiffs, was the presumption arising from the failure to deliver, and if it can be said that such presumption does arise from such failure alone, then the burthen of proof rested upon the defendants ; or, in other words, was shifted to the defendants ; and it becomes incumbent on them to repel the presumption by establishing' that they had exercised due and proper care.
In the recent case of Lamb v. The Cam. & Amb. T. Co. (46 N. Y. R. 271), Mr. Justice Geoveb, in delivering the majority opinion of the court, held that there was no such presumption of negligence. In that case, the loss was by fire, and was, therefore, within one of the express exemptions from liability mentioned in the contract. Under such a state of facts, the court held that the carrier, being relieved from responsibility upon their cont/i'act, was to be regarded merely as a bailer for hire, and liable only for negligence, which negligence must be shown, and could not be presumed from the loss alone.
The case under consideration is, in respect to this question of negligence, entirely analogous to the case *186 of Lamb. In that case, if the loss happened by fire, the carrier was not to be liable. In this case, if the value exceeded $50, the liability was to be limited to that amount.
But in each case, the limit to the liability was held to be unavailable, if the loss was caused by negligence.
I cannot, therefore, distinguish between the cases. If, in the one case, proof of the loss by fire was enough to cast on the plaintiff the burthen of proving negligence, then, in like manner, proof of value in excess of the limitation would shift the burthen from the defendant.
The little earlier case of Burnell v. The N. Y. Central R.R. Co. (45 N. Y. R. 184) which apparently conflicts with the Lamb case, is probably to be distinguished by the fact, that, in that case, there were no stipulated exemptions from liability, and, therefore, no further proof was required to charge the carrier, than the loss or failure to deliver the property to the owner.
If the carrier failed to deliver, it was to be presumed it was through his own fault. Whereas, in the Burnell case, mere proof that the loss was by fire, established a defence, unless it was shown, that the fire was caused by negligence.
But whether the two decisions are reconcilable or not, I think we should consider ourselves bound by the last, and as that very clearly places the onus on the plaintiff of proving negligence, we must hold the charge, in this case, to have been erroneous. There was no presumption of negligence arising from the mere fact of a failure to deliver; and there was no proof of negligence to charge the defendant.
I do not regard the more recent decision of the commissioners of appeals (Belger v. Dinsmore, not reported) as strengthening the Burnell case.
In the Belger case, the General Term, in reversing the judgment, put its decision on the ground, that the *187 special provision in the carrier’s receipt, was a notice merely, and required proof of the assent of the other party. But the commissioners of appeals do not sanction that doctrine, and hold that prima facie, at least, such assent is to be inferred.
Although, therefore, on the trial, an offer by the plaintiffs to prove negligence was ruled out, the question does not seem to have been considered by the Appellate Court. The General Term did not have it before them, as the plaintiff did not appeal, and the commissioners of appeals found another ground for reversing the judgment.
The Lamb case must, therefore, be considered as the controlling decision, and, following it, the judgment before us must be reversed.
Judgment and order reversed, with costs to the appellant to abide the event.