By the Court.—Freedman, J.
The plaintiffs in this action are not in a position to claim the benefit of the doctrine, that a common carrier cannot secure a limitation or restriction of his common-law liability, by a mere notice endorsed upon or incorporated in his receipt, and that such notice is, at most, only a proposal for a special contract, which requires the assent of the shipper to its terms. According to the evidence, the plaintiffs had in their possession a blank receipt for the transportation of merchandise, which contained the name of the American Merchants Union Express Company, as forwarders, the name of plaintiffs’ firm, in large Roman capitals, as shippers, and a series of conditions and clauses regulating the manner of transportation and the liability of the express company in certain cases and contingencies. This blank receipt was filler! up by the plaintiffs at their own office, and the receipt, as thus prepared, was thereafter, namely at the time of the delivery of the merchandise for transporta *337 tion, presented toy plaintiffs to the express company for signature. It therefore constituted a proposal on the part of the plaintiffs for a special contract, which was wholly of their own creation, and in the making of which they had not been influenced toy any act on the part of the company.
How, as every person is presumed to intend that which is the ordinary and natural consequence of his own purposed act, it follows that, when the express company assented to such proposal toy signing the same, and redelivering it to the plaintiffs, the proposal ripened into a special contract, and as such it became binding upon tooth parties. In regard to the provisions of that contract, plaintiffs cannot toe permitted to plead ignorance. Upon this point the case at bar is analogous to Breese v. U. S. Telegraph Co., 45 Barb. 274, affirmed in 48 N. Y. 132, and Westcott v. Fargo, decided toy the General Term of the Supreme Court of the Fourth Department, at the June Term of 1872.
The liability of the company is to toe measured, therefore, toy the terms of the special contract, and toy that it is provided that the company is not to be held liable for any loss or damage toy fire. How, although that provision does not include loss or damage toy fire occasioned toy the carelessness or negligence of the company, or its agents or servants, in respect to which the common-law liability of the company remained unaltered (Simmons v. Law, 3 Keyes, 217; Magnin v. Dinsmore, President, etc., ante, page 182), yet, plaintiffs having admitted on the trial, not only that the merchandise was burned while in transitu, tout also that this occurred without fault or negligence on the part of the company, nothing remained upon which, under the terms of the contract, a liability on the part of the defendants for the loss which had thus occurred could toe predicated (Lamb et al. v. Camden & Amboy R. R. & T. Co., 46 N. Y. 271).
*338 The clause, that the company shall not be liable for any loss or damage of any box, package, or thing for over fifty dollars, unless the just and true value thereof is stated in the receipt, cannot, by any just construction of the whole instrument, be made to work, by the mere neglect of the shipper to declare the value, a limited liability on the part of the company, where no liability outside of it exists. Until a liability is actually incurred, the limitation clause remains a mere dormant stipulation.
When, therefore, it appeared, from the uncontroverted and admitted facts of the case, that the company was, in respect to the transportation of the merchandise in question, only an ordinary bailee or private carrier for hire, according to the terms of the special contract, that by the latter the company was wholly exempted from liability for loss or damage by fire, that the merchandise was .destroyed by fire while in transitu, and that such fire occurred without fault or neglect on the part of the company, or any of its agents or servants, the verdict, instead of being directed in favor of the plaintiffs, should have been directed for the defendants.
Defendants’ exceptions must be sustained, the verdict set aside, and a new trial ordered, with costs to appellant to abide the event.