By the Court.—Freedman, J.
This action was brought by the plaintiffs, who compose the firm of Y. Gr. Magnin, Gruédin & Co., against the defendant, as president of the Adams Express Company, to recover the value of a package intrusted to said company for transportation to Memphis, Tenn., and alleged not to have been delivered.
The case has been tried three times. It was twice before the court of appeals, and we are now called upon to review the questions which arose on the third trial.
On the first trial, on which the plaintiffs had a verdict for the full value of the goods, which consisted of gold and silver watches, and gold keys, the jury were instructed, among other things, that in case of gross *250 negligence on the part of the carriers, the clause of the special contract, which limits their liability for any loss or damage arising from a certain class of cases, and also the clause which provides, that if the value of the property is not stated by the shipper, the latter will not demand, in case of loss, a sum exceeding fifty dollars, did not exempt the carriers from responsibility for the whole amount of the goods. This instruction, the general term held, would have been correct, if the evidence of negligence on the part of the carriers had been sufficient to go to the jury. But the evidence upon this branch of the case was, under the decision in Lamb v. Cam. & Amb. Tr. Co. (46 N. Y. 271), held to-be insufficient, the'court deeming itself bound to hold that the carriers’ negligence could not be presumed from the loss alone, but had to be shown by the plaintiffs. . Plaintiffs’ judgment was, therefore, reversed ; ■ but, instead of ordering a new trial, with costs to the appellants, to abide the event, as, from the report of the case in 3 Jones & S. 182, it would seem, was done, the order finally entered provided for the reversal of the judgment appealed from, and for the entry of a judgment in favor of the plaintiff’s for the sum of fifty dollars, pursuant to the offer made by the defendants in the action. The judgment thus entered was reversed by the court of appeals (53 N. Y. 652). The ground of the decision does not appear, as no opinion was ren dered, but we have been informed by counsel that the disposition made at general term was considered to amount to a mis-trial.
Under these-circumstances, the judge who presided at the second trial felt himself bound by the decision of the general term as to the insufficiency of the evidence to establish negligence, and, consequently, the proof being the same, he withdrew this branch of the case from the consideration of the jury. The only question he submitted to them related to the delivery *251 or non-delivery of the package at Memphis. In case they found that the package was not delivered, they were instructed to give to plaintiffs a verdict of fifty dollars, with interest. This instruction was placed upon the ground that the value of the property not having been stated by the shippers, the carriers, by the terms of the special contract entered into by the parties, were in no event liable beyond the sum of fifty dollars, and interest. The jury found a verdict for the plaintiffs for the amount to which they were limited, and the plaintiffs appealed. The general term sustained the rulings of the trial judge, and the plaintiffs appealed to the court of appeals. That court thereupon held that, inasmuch as it appeared, by proof on the one side, that the package had not been delivered to the consignees at Memphis, and that, within a year after its shipment, it had been picked up, rifled of its contents, near the shore oi Hew York, while on the other side no explanation of the non-delivery was given by the defendants, there was evidence which would have warranted the submission to the jury of the question of negligence, if that inquiry was material in determining the rights of the parties. The court also construed the special contract, and determined that, in the absence of an express stipulation, the contract could not be deemed to exempt the carriers from liability for loss occasioned by their own negligence, and that, consequently, the inquiry into such negligence was material. And, as in the determination of that question an erroneous rule had been applied, the court"ordered a new trial.
Upon such new trial, which is the one we are now called upon to review, the case appears to have been tried in strict conformity with the principles laid down by the court of appeals. The whole case was left to the jury. They were instructed to the effect:
1. That the execution of the express receipt by the *252 company, and its acceptance by the plaintiffs, concurrently with the delivery and the receipt of the property, constituted a special contract between the parties for the carriage of the goods, and that the rights and liabilities of the parties were to be governed thereby.
2. That if they found that the goods were delivered at Memphis to the consignees, as testified to by one of the witnesses for the defense, the defendants were entitled to a verdict.
3. That if they found that there was a fraud or concealment practiced on the defendants by the plaintiffs, in the way the package was delivered to the defendants for transmission, the defendants were entitled to a verdict, though the package was not delivered.
4. That if they found the non-delivery, and also that there was no fraud or concealment, and that the loss arose from other causes than the negligence of the defendants, the plaintiffs were entitled to recover only the sum of fifty dollars, with interest.
5. But that, if the loss was occasioned by or through the negligence of the defendants, and the plaintiffs were free from fraud or concealment, the defendants were answerable for the whole value of the goods so lost.
6. And that, in such case, the measure of damages was the value of the goods at the place of destination.
These instructions are wholly unexceptionable, as propositions of law, and the applicability of all but two to the facts of this case, in the manner in which they were applied, has already been determined by the court of last resort. The two exceptions relate to the measure of damages, in case of full liability, and to the question of fraud or concealment.
As to the rule of damages, it seems to be well settled that, in an action against a common carrier, for a failure to transmit and deliver goods in accordance with his contract, the measure of damages, in the absence of a *253 special agreement to the contrary, is the value of the goods at the place of destination, at the time they should have been delivered, pursuant to the contract, and in the condition the carrier undertook to deliver them, less the price to be paid for his services (Sturgess v. Bissell, 46 N. Y. 462; Wood v. N. Y. C. R. R. Co., 47 N. Y. 29; Harris v. Panama R. R. Co., 4 Jones & S. 373;—recently affirmed by the court of appeals). The court below charged substantially to this effect, and the finding of the jury was within the evidence given upon this branch of the case.
As to the question of fraud and concealment, the defendants insist that it should have been determined by the court, as matter of law, and that it was error to leave it to the jury. It is quite true that this point ha,s not been presented on any of the earlier appeals in this action. It is equally true that, at common law, a shipper who has been guilty of fraud or imposition upon the carrier is debarred in law from a recovery against the carrier and that such fraud or imposition may be effected positively, by word or deed, or negatively, by an omission to perform a duty resting upon him. It may also be conceded that in many, if not most cases, the question of the intent of the shipper, in such acts or omissions, is not material. If the facts are clear and undisputed, and constitute a fraud or imposition in law, regardless of the intention of the shipper, the question is to be passed upon by the court, and is not a question of fact to be left to the jury. But when the question of fraud or imposition depends upon conflicting evidence, or on inferences to be deduced from a variety of circumstances, in regard to which, though they may be uncontroverted, there is room for a fair difference of opinion among intelligent men, it must be determined as a question of fact, and the shipper may insist upon its submission to the j ury. There is nothing in the numerous authorities, cited by the learned conn *254 sel for the defendants, which conflicts with the rule last referred to. In many of these cases, the duty of disclosing the value was imposed upon the shipper by the carrier’s notice, of which he had knowledge. In others, the carrier’s notice stipulated for entire exemption from liability, in case of non-statement of value. In still others, the facts admitted of but one conclusion. Thus, in Gibbon v. Paynton (4 Burr, 2298), one hundred pounds in money were hidden in an old mail-bag. In Orange County Bank v. Brown (9 Wend. 86), it was held that the sum of eleven thousand two hundred and fifty dollars, contained in an ordinary traveling-trunk, could not be considered as part of the passenger’s baggage. In Pardee v. Drew (25 Wend. 459), it was held that a lot of fine silks, purchased by the plaintiff, and packed away in his traveling-trunk, which contained nothing else, and shipped as baggage, had no more necessary connection with the baggage or luggage which it is customary to allow passengers to carry for the journey, than the money in the case of the Orange County Bank. In Richards v. Westcott (2 Bosw. 589; 7 Id. 6), the trunk contained, in addition to the traveler’s wearing-apparel, a box of jewelry, put up for sale as merchandise; and the uncontradicted evidence showed not only that the defendants would have charged a higher price for the carriage, had they been aware that the trunk contained jewelry, but also that they would have adopted special precautions. In Warner v. Western Transportation Co. (5 Robt. 490), the plaintiff shipped on board of a canal-boat a number of cases, resembling emigrants’ chests, but which she alleged contained mostly valuable articles, including jewelry, silver-ware, laces, cut-glassware, &c. On the trial, she acknowledged not only that she had disguised the cases, but that, in doing so, she meant that they should be so disguised that no one should suspect they •contained anything valuable. This, of course, 'included *255 the defendants, and therefore was evidence of fraud. Nevertheless, the court conceded her right, under certain circumstances, to have the question as to a fraudulent disguise or concealment submitted to the jury. And the cases of Duff v. Budd (6 Moore, 469); Brooke v. Pickwick (4 Bing. 220 , and Beck v. Evans (16 East, 244), show that, notwithstanding the shipper’s failure to comply with the carrier’s notice to declare the value, a recovery may be upheld whenever it appears that the goods were of such bulk and value that the risks of the carrier were not increased by the shipper’s omission to state the value.
The rule being as above stated, the question presents itself, whether or not the case at bar falls within it. Of this there can be no doubt. The defendants accepted the package under a special contract, which did not in express terms impose upon the shipper the absolute duty of stating its value, or provide for their exemption from all liability in case the value was not Stated, or untruly stated, but which simply declared that, if the value was not stated, the shipper should not demand a sum exceeding fifty dollars, in case of loss.. This, as has already been shown, did not include a loss occasioned by their own negligence, while, in respect to a loss arising from certain other dangers, viz: the dangers of railroad, ocean, steam or river 'navigation, leakage, or fire, the contract gave to the defendants complete immunity from all liability, unless the goods were specially insured by them, and so specified in the receipt; in which case, the amount insured Vas to constitute the limit of the liability of the defendants.
Now, it is true that the defendants gave evidence to the effect, among other things :
1. That the non-statement of the value operated to ’deprive them of a part of the reward which they'would have charged, and to which they would have been *256 reasonably entitled, in case of disclosure of the true value.
2. That in 1863, the defendants had three departments, viz: a money and valuable package department, a paper package department, and a freight department; that if, in the month of March, 1863, a wooden box, of the size of and covered as the one in question in this suit, had been presented at the office of the company, in ¡New York, for transportation to Memphis, and the value of such box had been declared by the shipper to be between one thousand four hundred dollars and one thousand five hundred dollars, then the package would have gone into the money or valuable package department; and that in that department packages were transported in safes, locked, and sealed with a leaden seal, made for the purpose, which had upon it the impress of the particular office where it is attached, so that it could not be opened without destroying the seal; that one of the keys of the safe was kept in the office from whence the safe was sent, and a duplicate key was in the office of its destination; and that the safe was sent in charge of a special messenger, who did not carry the key.
3. That if a package of the kind described had been delivered to the company, for transportation to Memphis, in March, 1863, and no value had been stated by the shipper at the time of the delivery, it would have gone into the freight department, or the parcel department of the freight department; and that the same precautions which were taken in the money or valuable package department, as above described, were not used in the freight department.
But, at the same time the defendants were forced to admit that packages of all kinds were received at the counter of the office generally, and then placed according to their value and destination, and distributed to *257 the several departments, with reference to their destination and their value.
The plaintiffs, on the other hand, gave evidence tending to show that the package containing the watches was delivered to, and received by, the defendants, as others had been, in the usual and ordinary course of dealing by the defendants, a,nd that no questions were asked; that the plaintiffs were importers of watches, doing business in one of the principal business streets of the city of New York, in the vicinity of defendants’ place of business; that the goods were packed in a wooden box, ten inches long, nine and seven-eighths inches wide, and five and three-fourths inches high, the wood being of the thickness of one-quarter of an inch; that when delivered to the company the box was wrapped in paper, and the outside wrapper was sealed with sealing-wax; and that from these and other circumstances the company must have seen that the box constituted a valuable package.
In view of all these facts and circumstances, the question of fraud or concealment was properly left to the jury, and, as by their verdict the jury have negatived the charge, the further question, namely, whether, in case of fraud or concealment on the part of a shipper, his action against the carrier is barred, irrespective of the question of the carrier’s negligence, is not involved in the appeal now before us.
There was no error in the instructions given or refused, or in the refusal to nonsuit, or to direct a verdict. The exceptions taken by the defendants to the admission of testimony also appear to be untenable.
The judgment and order appealed from should be severally affirmed, with costs.
Speir, J., concurred.