Speir, J.
This case has been tried four times. It has been carried to the court of appeals three times, and we. are now again called upon to review the questions arising on the fourth trial.
The history of the case, and the several stages of judicial investigations it has passed through, may be found recorded in 3 Jones & Spencer's R. 182; 53 N. Y. 652; 56 Id. 168 ; 6 Jones & Spencer, 248 ; and 62 N. Y.
It is not necessary, nor will it serve any good purpose, to review the foregoing decisions, as they may be easily referred to, and are not now important further, than to briefly state the result of the decision in the case last reported by the court of appeals. The very able and learned opinion by Mr. Justice Folger has so fully and precisely stated the points upon which a right decision of the case depends, that our duty will be sufficiently discharged by ascertaining whether this ' *514 last trial has been conducted in accordance with that decision.
By the last two decisions of, the court of appeals it was decided that the contract between the plaintiffs and defendant did not per se excuse the defendant for liability for a loss arising from its negligence. This contract was that if the plaintiffs did not state to the defendant the value of the property entrusted to its care for transportation, they could not demand in case of loss a sum exceeding fifty dollars for the loss or de • tention thereof. The question whether the package had been delivered to the consignees at Memphis had been before submitted to the jury, and they found for the plaintiffs. The defendant had given no explanation of the nondelivery. But it was shown on the part of the plaintiffs that some- months after the shipment, ’ and within a year, the box containing the goods which had been shipped was picked up near Go wan us, on the East River shore, empty. And the court held, these facts thus shown would have warranted the submission to the jury of the question of negligence, if that was a material inquiry in determining the rights of the parties.
The appellate court, in its last decision, points out the distinction between the case then presented for adjudication and the case decided in 56 W. T., and says: “But the judgment of the court then given was only upon the questions then presented. Other questions now arise.” And the court, by its last decision upon the questions then presented, decided that the plaintiffs were not entitled to recover for the actual value of the contents of the package, by reason of their concealment and fraud in not disclosing to the carrier the contents thereof. The question of the concealment of the value of the goods contained in the box had been passed upon on the former trial as one of fact, and the jury found that there was not upon the *515 part of the plaintiffs either active fraud or concealment, neither in the manner in which the box was delivered to the carrier nor in what was said or left unsaid at the time of the delivery, nor in the character of the package in the way in which it was enclosed and sealed.
The defendant urged at the former trial, and on the argument of the last appeal, that the question was not one of fact for a jury, but of law for a court, and that the plaintiffs should be nonsuited for concealment of the true value of the package ; that when the shipper agrees with the carrier for a limited liability, he thereby expresses to the latter his estimate of the risk to be run, and the care needed, and holds out the package to him as an ordinary article which he would have no objection to take as a matter of course. The carrier is thereby put off his guard. This puts upon the carrier the duty of inquiry. It is a concealment of an important fact entering into the bargain to be made ; that such a concealment amounts to a fraud in law upon the carrier, and where there is no dispute as to the material facts, as there is none in this case, it is a question of law for the court, and not of fact for-the jury.
The court has sustained this position of the defendant, and recorded the decision as follows : “ That the question of concealment of value upon the undisputed facts of the agreement, and of the silence of the plaintiffs, was one of law for the court, and not of fact for the jury, and that silence only as to value amounted to such an imposition upon. the defendant as would relieve it from a liability for the total value of the goods, unless something more in its conduct is shown than negligence to carry safely and deliver promptly.’
It is not claimed by the court that although in such a case the carrier is relieved from liability for a loss occurring from ordinary negligence, that he will thereby be relieved when his acts and those of his servants *516 have amounted to misfeasance or abandonment of his character as carrier.
The evidence before the court below did not differ in any material degree from that before the court of review last decided. The learned judge charged the jury that if they found that the goods were not delivered in Memphis, and that the defendant was guilty of gross negligence or misfeasance or abandonment in the course of its duties as carriers in the transportation of the goods, then the plaintiffs were entitled to recover their value, with interest. The defendant’s counsel requested the court to charge that if the jury found that the package was not delivered in' Memphis, on the undisputed facts of the case, as matter of law, the plaintiffs are not entitled to recover the total value of the goods, but only the limited sum of fifty dollars, with interest. This request was declined, and an exception taken. This, we think, was error, and therefore the judgment and order appealed from should .be reversed, and a new trial ordered, costs of the appeal to abide the event.