Sanford, J.
I concur in the result arrived at by my learned associate, but solely upon the ground that the evidence in the case did not, in my opinion, warrant the submission to the jury of the question whether the defendant had been guilty of gross negligence or of misfeasance or of abandonment in the performance of his duties as a carrier in respect to the transportation of the merchandise, or of a conversion thereof. These several degrees of culpability are correctly defined by the learned judge in his charge to the jury, and I am of opinion that there is no evidence in the case that any or either of the acts or omissions comprised within such definitions respectively were •either committed or omitted by the defendant. If the evidence is insufficient to sustain a finding in the *517 affirmative of either of the several questions thus submitted to the jury, there was error in the charge of the learned judge, and the verdict of the jury should accordingly be set aside.
It has been twice held by the general term of this court, that evidence substantially the same as that now before the court ought not to go to the jury, upon the question of simple negligence (3 Jones & Spencer, 182 ; 6 Id. 248). In the case last cited it is stated that “the judge who presided at the second trial felt himself bound by the decision of the general term as to the insufficiency of the evidence to establish negligence, and consequently, the proof being the same, he withdrew this branch of the case from the consideration of the jury,” and that, “the general term sustained the rulings of the trial judge.” The court of appeals thereupon held that this ruling was erroneous, and that “ there was evidence which would have warranted the submission to the jury of the question of negligence” (6 J. & S. 251; 56 N. Y. 173). But it does not necessarily follow that the same evidence which would warrant the submission to the jury of the question of simple negligence will also warrant the like submission of the question of gross negligence, much less that of misfeasance or abandonment, or conversion (Riley v. Horne, 5 Bingh. 217). The ruling of the general term on each of the occasions referred to necessarily involved the proposition that the evidence was insufficient to warrant such submission upon either of these questions, inasmuch as that evidence which is insufficient to sustain a finding of the lower degree of culpability is a portion insufficient to sustain a finding of the higher. That ruling still stands as the law of the case, except in so far as it has been questioned by the court of appeals, and that court has only decided that the ruling was erroneous with respect to the minimum of fault, without intimating *518 any opinion as to the sufficiency or insufficiency of the evidence, as applicable to the question of any other grade of misconduct whatever. On the last appeal to the court of appeals it was held that in consequence of a concealment by the plaintiff of the true value of the goods the defendants were relieved of liability for a loss occurring from ordinary negligence, but the court expressly declined to hold that his exoneration extended to the case of a misfeasance or abandonment of his character as a carrier. That question, thus left open, was in my opinion correctly decided by the learned judge at the trial, when he charged, in effect, that if the loss occurred through gross negligence or misfeasance or by reason of abandonment, or of a conversion of the property, the defendant must be held liable. But the mere discovery of the box in which the goods were originally packed, at the time, and under the circumstances, and in the manner disclosed by the evidence, seems to me insufficient to inculpate the defendant to the extent implied by the definition of either one of the several offenses or grades of offense imputed to him by the verdict, as laid down by the learned judge in his charge ; 'and this notwithstanding the absence of any explanation of the omission to deliver the goods to their consignee. Under the ruling of the court of appeals, in its last decision, it seems to me that the onus probandi with respect to something more than simple negligence, is upon the plaintiff, and that there should therefore be made apparent something more than a mere conjectural probability of the commission of the wrong imputed: £! there must be some element of moral certainty and exclusion of reasonable doubt ” (Payne v. Forty-second Street R. R. Co., 8 J. & S. 13).
The judgment should be reversed, and a new trial ordered ; costs to abide the event.