*Paige, J.
 

 — The eight receipts were properly read in evidence; they were merely evidence of the delivery of the wheat to the defendants. Being receipts only, and not contracts, paroi evidence was admissible to explain or contradict their terms.
 
 [2]
 
 It was, therefore, competent for the plaintiff, to show that the wheat belonged to him as executor. (7 Cowen 334.) The plaintiff could have proved the delivery of the wheat, without the production of the receipts. (8 Pick. 552; 2 Denio 638; 7 Cowen 335-6.)
 

 The receipt of the date of 21st November 1845, imported a bailment and not a sale. It imported a deposit, a naked bailment of goods, to be kept for the bailor, without reward, and to be returned, when required by him, on any day after the first of January then next. By the terms of the contract, the identical wheat was to be returned. (Story on Bailments, §§ 41, 42, 47, 283; 2 Kent’s Com. 589, 560; 7 Cowen 752.) The property remained in the bailor; it did not pass to the bailee.
 

 *The offer of evidence of usage among millers and sellers of wheat, to show that the receipt of the 21st November 1845, imported a sale, was properly [* 72
 
 *70
 
 rejected. The terms of the contract contained in the receipt, are plain and unambiguous. The evidence of usage was not offered to ascertain the meaning, as understood by millers and sellers of wheat, of particular terms,8 in order to explain the subject of the contract; it went, not to interpret or explain, but to vary and contradict the contract. (2 N. Y. 241, 244 ; 2 Sum. 367; 13 Pick. 181-72; Cowen & Hill’s Notes 1411.) No usage or custom can be set up to control the rules of law, or to contradict the agreement of the parties.
 
 [3]
 
 But where there is nothing in the agreement to exclude the inference, the parties are presumed to contract in reference to the usage or custom which prevails in the particular trade or business to which the contract relates; and the usage is admissible to ascertain the intention of the parties. (5 Hill 438-9; 1 Hall 632.)
 

 The plaintiff proved, previously to the introduction of the receipt of the 21st November 1845, the receipt by the defendants, of the wheat therein mentioned; and also proved, that when that receipt was drawn by Allcott, one of the defendants, the agent of the plaintiff informed him of the mistake in the receipt, in relation to the ownership of the wheat. The plaintiff made out his case without this receipt, and does not rely upon it; the defendants called for it. So far as it was a receipt, it was susceptible of explanation. The court correctly decided, that the wheat belonged to the plaintiff, as executor. There was no question on the receipt of the 21st November 1845, to be submitted to the jury. I am of opinion, that the judgment of the supreme court should be affirmed.
 

 [2]
 

 Foster
 
 v
 
 Newbrough, 66 Barb. 645 ; Trull v. Barkley, 11 Hun 644.
 

 [3]
 

 Farmers’ and Mechanics’ Bank v. Logan, 74 N. Y. 568, 586.