MARKS v. THE CASS CO. MILL AND ELEVATOR CO. ET AL.

1. **Bailment:** CONTRACT: EVIDENCE. Upon the delivery of corn at defendant's elevator, the plaintiff received the following instrument in writing:

   JANUARY 5, 1874.

   "Received in store of C. R. Marks one load of corn, subject to storage. No. of bushels, 2,920.       NORTON, T."

   *Held,* that the instrument expressed a contract of bailment.

2. ———: ———: ———. Parol evidence of custom or usage is not admissible to give an interpretation to the contract inconsistent with its language.

*Appeal from Cass District Court.*

FRIDAY, APRIL 21, 1876.

ACTION to recover the value of three hundred and sixty-one bushels of corn delivered by plaintiff to defendants. There was a verdict and judgment for plaintiff. Defendants appeal.

*Temple & Phelps,* for appellants.

The instrument in suit constitutes a contract of bailment, and parol evidence is not admissible to prove a sale. (*Goodyear v. Ogden & Pearl,* 4 Hill, 104; *Stapleton v. King,* 33 Iowa, 28.) A written or express contract cannot be controlled or varied or contradicted by a custom, and evidence thereof is not competent to vary the written contract. (*Ins. Co. v. Wright,* 1 Wal., 456; *Partridge v. Ins. Co.,* 15 Wal., 573; *Barnard v. Kellogg,* 10 Wal., 383.) Usage is admissible to explain an ambiguity, but not to contradict what is plain in an instrument. (*Hearne v. Me. Ins. Co.,* 20 Wal., 483.) The grain not having been shipped or distributed by defend-

ants, but remaining at the time the elevator burned just where it had been placed by plaintiff, defendant should not be held to payment therefor. (*Young v. Miles*, 20 Wis., 615; s. c. 23 Wis., 643; *Rohilly v. Wilson*, Chic. Leg. News, Feb. 1, 1873.)

*Phelps & DeLano*, for appellee.

Evidence of custom and usage is competent and admissible to determine the meaning of the language used in the contract. (1 Greenl. on Ev., 292; *Rindskopf v. Barrett*, 14 Iowa, 101; *Pilmer v. State Bank*, 16 Id., 321; *Goodyear v. Ogden*, 4 Hill, 104; *Dawson v. Kittle*, 4 Id., 107; *Thompson v. Sloan,* 23 Wend., 71; *Farwell v. Fay*, 7 Mo., 595; *Chase v. Washburn*, 1 Ohio St., 244.)

BECK, J.—The plaintiff delivered at the elevator owned by defendants three hundred and sixty-one bushels of corn, and received twelve instruments of writing, each given upon the delivery of a part of the corn. They were all in the form of the one of which the following is a copy, dates and quantities only being different:

CASS COUNTY MILL AND ELEVATOR CO., }
January 5, 1875. }

"Received in store of C. R. Marks one load of corn, subject to storage.   No. of bushels, 2,920.      NORTON, T."

During the night after the day of delivery of the last load of corn the elevator was burned. The action is brought to recover the value of the grain delivered by plaintiff, being based upon the claim that the corn was sold to defendants, and that the transaction, as exhibited by the receipts, under a custom prevailing at the place where defendants were doing buiness, amounted to a purchase at the market price of the grain when plaintiff should demand payment.

The defendants on the other hand insist that, under these written contracts, their liability is that of warehousemen, and that the instruments cannot be varied or contradicted by oral evidence of a custom, changing their purport and effect.

The District Court overruled a motion to strike out that part of the petition which set up the custom referred to, admitted testimony to establish it against defendant's objection, and, by an instruction, directed the jury to find, under the evidence, whether the contract amounted to a sale of the grain, or was simply for its storage. These rulings are made the grounds of separate objections urged by defendants to this judgment. They may, in disposing of them, be considered together.

I. If the instruments are simply receipts, they may be explained by parol evidence, and the contract existing between the parties may be shown by competent testimony. But if they are to be regarded as contracts, they cannot be explained or varied by oral evidence.

1. BAILMENT: contract: evidence.

The language of these instruments is plain and unmistakable. It expresses a contract of bailment, and will bear no other interpretation. Writings almost in the same language have been held by the courts to set out such a contract, and to be incapable of explanation by parol evidence. *Stapleton v. King*, 33 Iowa, 29, and authorities cited; *Goodyear v. Ogden*, 4 Hill, 104; *Barber v. Brace*, 3 Conn., 9; *Wakefields v. Steadman*, 12 Pick., 562; *Barsley v. Hamilton*, 15 Pick., 40.

II. Regarding these instruments as contracts of bailment, they cannot be contradicted or varied by evidence of a custom or usage which would require the writings to be regarded as contracts of sale. While such evidence may be admitted to explain the language of the contracts, if ambiguous, and apply it to the proper subject, the terms, conditions and obligations of the contract cannot be changed in that way. Their whole character, and the extent and nature of the liability of the parties thereto, cannot be established by parol proof of usage or custom, inconsistent with the language the parties have employed to express their intentions. *Cash v. Hinkle*, 36 Iowa, 623; *Ins. Co. v. Wright*, 1 Wal., 456; *Partridge v. Ins. Co.*, 15 Id., 373; *Barnard v. Kellogg*, 10 Id., 383; *Inglebright v. Hammond*, 19 Ohio, 337.

2. ——: ——: ——.

We are brought to the conclusion that the several rulings

of the District Court, assailed by the objections above stated, are erroneous. The judgment is, therefore,

REVERSED.