## THOMPSON v. MAXWELL.

1. **Appeal:** EVIDENCE TO SUPPORT VERDICT. Where there is a fair conflict in the evidence this court will not disturb the verdict based thereon.

2. **Settlement:** CONTRADICTION OF RECEIPTS BY PAROL. Since receipts showing a settlement are but *prima-facie* evidence of that fact, and may be contradicted by parol, *held* that where there was such a contradiction, and a finding by the jury that there was no settlement, this court could not interfere with such finding as being unwarranted.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, MAY 12, 1888.

ACTION on an account for work and labor performed. Answer: (1) in denial; (2) pleading payment; and (3) that there had been a settlement of the account, and the balance due thereon ascertained, and that the same was paid. Verdict and judgment for plaintiff, and defendant appeals.

*Baylies & Baylies*, for appellant.

*Guthrie & Maley*, for appellee.

REED, J.—I. It was contended that the finding of the jury that any amount was due plaintiff is contrary to the evidence; but there was a fair conflict in the evidence, and, under the settled rule, we cannot interfere with the verdict on that ground.

1. APPEAL: evidence to support verdict.

II. The court gave the following instruction:

"The burden is upon defendant to prove his allegation of settlement and payment by a preponderance of evidence. If there was a reckoning of accounts between them, and a result arrived at, to which both agreed, that would be a full and completed settlement, and binding upon both parties. If there was a settlement, the presumption is that it included all matters of account to the date of such settlement, unless it is alleged and proven that, by agreement, fraud or mistake, certain items or accounts were omitted. The plaintiff does not so allege or prove, but denies that there was a settlement, and asks to recover upon account. If you find there was a settlement, you will presume it was of all items of account between them to its date; and the plaintiff in such case cannot recover therefor. Receipts reciting a settlement are not conclusive evidence thereof, but are open to be explained or even contradicted by the party against whom they run."

2. SETTLEMENT: contradiction of receipts by parol.

It was contended that the verdict is against that instruction. Defendant testified that there was a settlement of all matters of account between the parties; and

he introduced a receipt, signed by plaintiff, which recites that it includes all accounts against defendant. The receipt was attached to a bill of articles which plaintiff had presented to defendant, but which, owing to a change in their relations, she had requested him to return to her. He, however, preferred to retain them, and pay her their value. She testified that, while she attempted to effect a settlement with him of the account sued on, they never in fact did settle it, and that she did not know, when she signed the receipt, which defendant wrote, that it contained the statement as to the settlement. The receipt was *prima-facie* evidence of a settlement; but, as it was subject to explanation or contradiction, the jury may well have found, under the evidence, that no settlement was ever in fact made. The verdict may be wrong; but it is not without the support of evidence, and we cannot disturb it. The judgment will be

AFFIRMED.