### LANGDON *et al.* v. NEW YORK, L. E. & W. RY. Co.

(*Supreme Court, General Term, First Department.*   June 26, 1891.)

:1. PLEADING—SEPARATE STATEMENT OF CAUSES OF ACTION.
 In an action by a shipper against a railroad company for discriminating against plaintiff in the transmission of merchandise between certain stated times, plaintiff will not be required to state each act of discrimination in his complaint as a separate cause of action; defendant's remedy, if it desires to know the precise times and circumstances of such discrimination, being by a motion for a bill of particulars.

·2. SAME—MOTION TO MAKE MORE DEFINITE AND CERTAIN.
 The objection that the complaint, in such case, in charging that at certain seasons defendant failed to furnish to plaintiff a due and reasonable quota of cars, etc., did not state sufficiently in detail the facts constituting such cause of action, is not a ground for a motion to make more definite and certain; defendant's remedy, if it is entitled to any more precision in the statement of such matter, being by bill of particulars showing the details of the claim.

3. SAME—INDEFINITE COMPLAINT.
 An allegation of the complaint, in such case, that the services rendered by defendant to plaintiff, and those rendered to other shippers, were rendered on like conditions and under similar circumstances, is too indefinite, in not stating what the circumstances and conditions of such shipments were; and a motion to make more definite and certain will be granted.

Appeal from circuit court, New York county.

Action by Andrew Langdon and others against the New York, Lake Erie .& Western Railway Company to recover damages for discriminating against plaintiffs as shippers of merchandise over defendant's railroad.    A motion to make the complaint more definite and certain, and to state separately several alleged causes of action, was denied, and defendant appeals.    For former ·opinion, see 11 N. Y. Supp. 514.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Buchanan & Steele,* (*B. H. Bristow* and *Charles Steele,* of counsel,) for .appellant.    *Benjamin S. Harmon,* for respondent.

VAN BRUNT, P. J.  The defendant in this action, claiming that several ·causes of action are set out in the plaintiffs' complaint, sought to have them separately stated, and to have other allegations of the complaint, by which the causes of action were set out in general terms, made more definite and

certain. It is undoubtedly true that a series of transactions are sought to be set out in the complaint, and form the basis of the recovery; but we do not understand that this necessarily requires a separate statement of each transaction. A party sues to recover the purchase price of goods sold on different dates and upon different occasions. He states one cause of action covering the whole period, although, perhaps, each transaction might be a separate sale. And it has never been held that it was necessary to set out in his complaint, distinctly and separately, each cause of action. So in an action for a continuing trespass, where a cause of action arises every day that the trespass continues, an allegation of the continuance of the trespass between certain dates is all that is necessary in order to authorize a recovery of the damages which may have been sustained in any way because of the trespass between those dates. So in the case at bar it is claimed that the plaintiffs' rights were infringed by discriminations made against them by the defendant in the transmission of merchandise between certain periods of time. Now, if the defendant desires to know the precise times and circumstances at which these discriminations were made, that seems to be the office of a bill of particulars, in which can be set out with particularity the claim made by the plaintiffs; and it is not necessary, in a complaint in a case like the one at bar, to state more in detail transactions which are grouped under a general head.

It is also claimed that the complaint should be amended so as to set out with definiteness and certainty the facts constituting the causes of action alleged. There seems to be some substance in the objection to the complaint in this particular. It is alleged that the services rendered to the plaintiffs and those rendered to other shippers were the same, and were rendered upon like conditions and under similar circumstances. It is apparent that this is a deduction derived from a comparison of the facts attending the plaintiffs' shipment with those attending the shipments of others. There is no intimation as to what the conditions and circumstances of these shipments were, or any particulars in regard thereto from which the defendant can possibly imagine what the plaintiffs claim the condition and circumstances to have been. It would seem, therefore, that the complaint should be made more definite and certain in this respect, in order that the defendant may be made aware of the conditions and circumstances which form the basis of the charge.

The objection to the complaint wherein it charges that at certain seasons the defendant has failed to furnish to the plaintiffs a due and reasonable quota of cars, etc., does not seem to require that it should state more in detail the facts going to make up this cause of action. Whatever precision the defendant may entitled to under this branch of the case may be obtained by a bill of particulars showing the details of the claim. We, think, however upon the point already suggested, the complaint should have been made more definite and certain, and that the order should be reversed in that respect, and the motion to that extent granted, with costs to the appellant of this appeal, to abide the final event.