| 99 | 503 |
| f108 | 143 |

E. A. Higley & Company v. The Burlington, Cedar
Rapids & Northern Railway Com-
pany, Appellant.

**Statute of Limitations:** CURRENT OPEN ACCOUNT: *Freight over-charges*. Plaintiff had made shipments over defendant's railroad during several years, and settled the freight bills presented by defendant. In each of the bills the defendant had charged the plaintiff overweight. *Held*, the several items paid the defendant as freight on the excessive weight, constituted an open current account within the statute of limitations.

**Freight Overcharges:** WAIVER BY PAYMENT. A shipper does not lose his right to recover overcharges in freight demanded by the carrier, and paid to it by reason of the excessive weights, by the payment, without protest, of bills based upon such excessive weights.

**Parol Evidence:** BILLS OF LADING. The recital in a shipment receipt as to the weight of the goods shipped, may be contradicted by parol evidence, even if such receipt be considered a bill of lading.

**Denial of Answer:** REPLY. In an action to recover overcharges on freight, defendant pleaded the statute of limitations, and that the settlements by plaintiff were voluntarily made, and receipts given, and the whole matter was thereby adjusted, etc. *Held*, these allegations were denied by operation of law, and that no reply was necessary under Code, section 2665, which provides that there shall be no reply except (1) where a counter-claim is alleged, or (2) where some matter is alleged in the answer to which plaintiff claims to have a defense, by reason of the existence of some fact which avoids the matter alleged in the answer.

*Appeal from Cedar Rapids Superior Court.*—HON. T.
M. Giberson, Judge.

FRIDAY, OCTOBER 23, 1896.

PLAINTIFFS claim, that from January 1, 1887, to and including January 1, 1891, they shipped over the defendant's line of railway, from Cedar Rapids, Iowa, egg cases and cases of eggs; that defendant returned

the weights of the cases of eggs at sixty pounds, and the egg cases at from twelve to twenty pounds, and so charged the plaintiffs for such weights; and avers that, in fact, the cases of eggs weighed only fifty-five pounds, and the egg cases only eleven pounds. This action is brought to recover the overcharges in freight demanded by the defendant and paid to it by reason of said excessive weights. The defendant answered first by a general denial, and pleaded the statute of limitations as to all claims dated prior to August 10, 1889, and also claimed that the settlements were voluntarily made, and amounts paid, and receipts given, and the whole matter had been adjusted and settled. It also averred that the business was conducted by plaintiffs and defendant by weighing some of the egg cases and cases of eggs, and thus reaching an average, instead of by weighing each separately, and that settlements were made from time to time, based upon such averages. The cause was tried to a jury, and a verdict returned for the plaintiffs for four hundred and forty-nine dollars and forty-three cents, upon which judgment was entered. Defendant appeals.— *Affirmed.*

*S. K. Tracy* and *J. C. Leonard* for appellant.

*Rickel & Crocker* for appellees.

KINNE, J.—I. Defendant complains because the court refused to give certain instructions asked, to the effect that if the plaintiffs and defendant estimated the weight of the freight, and settlements were for years made upon such estimates without objection, and if plaintiffs paid the charges based thereon, then plaintiffs cannot recover. Also because the court, on its own motion, gave instructions upon this point not in harmony with those asked. The instruction asked

was properly refused, because not applicable to the facts as disclosed by the evidence. The evidence did not show, or tend to show, that plaintiffs ever agreed that the defendant might arrive at the weight of the freight by weighing some of the egg cases and cases of eggs, and averaging the balance of them. It does not appear that such custom of the defendant was known to plaintiffs. Furthermore, the evidence of the defendant's witnesses shows that the approximate weight of the cases of eggs was fifty-five pounds, and the weights charged for were more than that. Nor is the claim that settlements were made based upon such weights, arrived at by averages, well founded. No evidence appears in this record touching any agreement between the parties as to an agreed weight, or to any weight sanctioned by them as the weight that should be fixed upon the egg cases or cases of eggs. Indeed, we do not understand from the evidence of defendant's witnesses that they make any claim that any such agreement existed between the plaintiffs and defendant. We do not understand that any settlements were ever made between these shippers and the railway company. The facts appear to be that the company fixed its weights upon this freight, and the plaintiffs paid the bills. No doubt the plaintiffs might have protested against paying on the basis of these excessive weights, but they were not bound to do so. *Heiserman v. Railway Co.*, 63 Iowa, 736 (18 N. W. Rep. 903).

II. It is said that plaintiffs are barred as to all items dated prior to August 10, 1889. It is urged that the items did not constitute an open, running account; that each item was a distinct transaction. There was no settlement regarding the payment of these items of overcharges. They were never adjusted between the parties. We think these numerous items should be treated as constituting an open,

current account. There was no break, or interruption, in the account. As we have said, as to these claimed overcharges, the account was open. It was running; and constituted a connected series of transactions,—more than two thousand three hundred of them. *Tucker v. Quimby*, 37 Iowa, 19. It has been held that a series of illegal discriminations by a common carrier at different times against a shipper of goods constitutes but one cause of action. *Langdon v. Railway Co.* (Sup.) (15 N. Y. Supp. 255.) So mistakes in payment to a railroad company for carrying the mails are mistakes of fact, and for the purpose of rectifying them, the items thereof constitute a running account. *Duval v. U. S.*, 25 Ct. Cl. 46. And see, also, *Moser v. Crooks*, 32 Iowa, 172; *Wendeling v. Besser*, 31 Iowa, 248; *Mills v. Davies*, 42 Iowa, 98. If, as this court has held, items of board, furnished from day to day, constitute a continuous, open, current account, there seems no good reason for holding to a contrary rule as to items of money paid by reason of overcharges on freight. Treated as an open, current account, none of the plaintiffs' claim is barred.

III. Complaint is made because the court permitted the plaintiff to show that the weight of the eggs in cases, and of the egg cases, was other and different from that recited in the receipts given them. The contention of the defendant is that, before such a receipt can be varied by parol evidence, it must be averred that such receipt was obtained by fraud, or mistake. Counsel cite us to no case sustaining such a doctrine, and it may well be doubted if any such can be found. A receipt is *prima facie* evidence, but may be contradicted by parol evidence. 1 Greenleaf Ev. section 305. If these receipts be considered bills of lading, they are nevertheless open to contradiction by parol evidence as to the fact of the weight of the goods recited therein.

Id.; *Garden Grove Bank v. Humeston & S. Railway Co.,* 67 Iowa, 532 (25 N. W. Rep. 761); *Chapin v. Chicago, M. & St. P. Railway Co.,* 79 Iowa, 582 (44 N. W. Rep. 820).

IV. It is said that, as plaintiffs did not file a reply to the defendant's amendment to its answer, in which it pleaded a settlement, the court should have instructed the jury that it was a complete defense, and that it erred in directing the jury not to consider the said defense. Our statute provides that there shall be no reply except "(1) where a counter-claim is alleged, or (2) where some matter is alleged in the answer to which plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer." Code, section 2665. It was, therefore, unnecessary to file a reply to the amendment. It was denied by operation of law. Nor was there any error in directing the jury not to consider the plea of a settlement, as there was no evidence tending to show a settlement. Discovering no error, the judgment below is AFFIRMED.