### A. V. MOUNCE v. D. H. KURTZ, Appellant.

**Pleading:** CONSTRUCTION. *Contract.* A complaint alleged a contract to cut and deliver to defendant all the wood on certain land, and that A. refused to let plaintiff complete the contract. Defendant pleaded a general denial and an abandonment of the contract by plaintiff, but amended by admitting the making of the contract substantially as alleged, except that the wood was "to be cut and delivered as defendant might direct " *Held*, as it did not appear that this amendment was made with a view to avoiding a recovery on account of defendant's said right to direct, or that it was pleaded as a defense that, therefore, an instruction that the contract was admitted was not erroneous.

SAME. Nor did the court err in omitting to instruct as to defendant's general denial, since his amended answer admitted the contract substantially as pleaded.

**Parol Variance:** RECEIPT. A receipt "in full of all claims to date," is only *prima facie* evidence of its contents, and may be shown by parol evidence not to include the claim in suit.

INSTRUCTIONS: *Presumptions.* An instruction that the burden of proof is on plaintiff to satisfy the jury by a fair preponderance of the evidence that neither of the parties intended to have a receipt given by plaintiff operate as a receipt in full of all damages and claims sued for, is not open to the objection that it does not give to the receipt a presumption in its favor.

**Damages:** EVIDENCE: *Contract.* Evidence that during the spring and fall when plaintiff could have performed his entire contract to cut up timber into cord wood, there was no other work for him

to do in the town where he lived, is admissible in an action for the breach of the contract, by preventing performance of the same.

*Appeal from Linn District Court.*—Hon. WILLIAM G. THOMPSON, Judge.

FRIDAY, FEBRUARY 5, 1897.

ACTION for a breach of contract to cut cord wood. Judgment for plaintiff, and the defendant appealed.— *Affirmed.*

*Powell & Harman* for appellant.

*Charles W. Kepler* and *Rickel & Crocker* for appellee.

GRANGER, J.—I. The petition shows that a verbal contract was made between the parties, by which the plaintiff was to cut into cord wood, for defendant, all the timber on one hundred and sixty acres of land, for the agreed price of two dollars and forty cents per cord, and deliver the same at Lisbon, Iowa; that, in pursuance of the contract, plaintiff cut and delivered one thousand and thirty cords of wood, after which defendant refused to permit plaintiff to complete his contract; that there remained to be cut on the contract two thousand three hundred cords; and that, under the contract, there was a profit to plaintiff per cord of sixty cents. The action is to recover the damage. An amended and substituted answer contained a denial of the averments of the petition, and pleaded an abandonment of the contract by plaintiff, after cutting the amount claimed, and also a rescission of the contract by agreement of the parties. Afterwards the answer was amended by admitting the making of an oral contract in terms substantially as alleged in the petition, except that,

by the answer, the wood was "to be cut and delivered as defendant might direct." The court instructed the jury that the contract as set out by plaintiff, was admitted, but the burden was with the plaintiff to show the breach of it.

It is now urged that the court did not fairly present the issues to the jury, because it did not state that part of the agreement, as admitted by the answer, that the wood was to be cut and delivered as defendant might direct. There was no issue as to that particular fact. It came into the pleading as an admission of fact, entirely immaterial, unless it was so pleaded as to be relied on as a defense. Nothing in the defenses pleaded presents the thought that a recovery was sought to be avoided because of defendant's right to say when the wood should be cut and delivered. The court made the issue more favorable to the defendant, for it required a finding that the defendant prevented plaintiff from completing the contract, to justify a recovery.

Nor was there error in the failure of the court to instruct as to a general denial. The contract admitted was, for all the purposes of the case, the contract as pleaded.

II. On the seventh day of April, 1894, defendant paid to plaintiff one hundred and eight dollars and ninety-six cents, and a receipt was taken "in full of all claims to date." The court gave the following instruction to the jury: "(4) A receipt purporting to be a receipt in full of all claims, dated April 7, 1894, and signed by plaintiff, has been introduced in evidence. You are instructed that if the receipt was intended by the parties to cover nothing but the claim for wood then delivered, and you so find from said evidence, then you will give it no further force than a receipt for the amount then due for the wood so delivered, unless you find from said

evidence that the parties had mutually agreed to abandon said contract; and the burden of proof is on the plaintiff to satisfy you by a fair preponderance of the evidence that neither of them intended to have the receipt operate as a receipt in·full of all damages and claims now sued for in this action." It is urged that the instruction is erroneous, because it does not give to the writing a presumption in its favor. The instruction answers the complaint, for it, in terms, puts the burden on the plaintiff to show that the receipt was not to operate as a receipt for all damages and claims sued for in this action. It is further thought that it could not be contradicted by parol evidence. That such a receipt may be explained, and even contradicted, is the general rule. And see, also, *Stapleton v. King*, 33 Iowa, 34.

III. Plaintiff was permitted to answer the following question, against objection: "When you stopped, in the spring of 1893, from having any wood chopped, and also in the fall of 1893, was there anything at all for you to do in the town of Lisbon?" The only purpose we can see for the question is that the answer might show, as it did, that there was nothing to do, as showing the damage because there was no other work. In no event could it have been prejudical. Several complaints as to rulings on evidence are made. The evidence in most of the cases was incidental to facts disclosed by other evidence, and in none of the rulings do we discover error. The evidence is conflicting, but the verdict is supported fully.—AFFIRMED.