**HIRSCH *v*. SALEM MILLS COMPANY.**

[67 Pac. 949, 68 Pac. 733.]

</div>

PAROL EVIDENCE TO EXPLAIN WRITING.

1. Where there is an issue in the pleadings as to whether a certain receipt contains the terms of an agreement between the parties, but the question, like other disputes over facts, must be left to a jury.

INTERPRETATION OF RECEIPTS.

2. A receipt that expresses the terms of a contract cannot be varied by parol, of course, but if it does not express the agreement of the parties, the real facts may be shown; and if the terms are vague or ambiguous, the surrounding circumstances may be reviewed to make clear the situation of the parties.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action by Sol. Hirsch and others against the Salem Flouring Mills Company. Judgment for defendant, and plaintiffs appeal.                              REVERSED.

For appellants there was a brief over the name of *Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. John M. Gearin.*

For respondent there was a brief and an oral argument by *Mr. Sanderson Reed.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover the value of certain wheat alleged to have been sold and delivered by plaintiffs to the defendant. The complaint contains two causes of action, but for the purpose of this appeal it will be necessary to allude to one only, as they are practically the same, except in the matter of dates and amounts. After alleging the corporate capacity of the defendant, and that it is engaged in the business of buying wheat, grinding the same into flour, and doing a general milling business, the complaint avers, in substance, that on the eleventh day of September, 1897, the plaintiffs delivered to it two hundred and twenty-nine and sixteen-sixtieths bushels of merchantable wheat, under an agreement by which the defendant was permitted to mix the same with its consumable stock, grind it into flour, and sell the product on its own account, and pay the plaintiffs, upon demand and payment of two and one half cents a bushel, the market price of such wheat, or deliver on board the cars at Salem a like quantity of equal grade; that upon receipt thereof the defendant immediately converted it into flour, and sold the same in the usual course of business, and appropriated the proceeds to its own use; that on the seventeenth day of October, 1899, the plaintiffs duly tendered to defendant two and one half cents a bushel on the wheat so delivered, and demanded that it pay the market price thereof, or deliver to them the same quantity of good merchantable wheat, but it refused to do either; that at the date of such demand the price of wheat was fifty-five cents a bushel, and the defendant thereby became indebted to the plaintiffs in the sum of $126.03, no part of which has been paid.

The answer denies all the material allegations of the com-

plaint, except the copartnership of the plaintiffs, the corporate capacity of the defendant, and that the plaintiff duly demanded of it two hundred and twenty-nine and sixteen-sixtieths bushels .of good merchantable wheat.     For a further and separate defense, it is averred that for more than twenty-five years past the defendant has been and now is doing business as a warehousekeeper at Salem, Oregon, receiving grain in store for hire, and that on or about the eleventh day of September, 1897, it entered into an agreement with plaintiffs by which it received two hundred and twenty-nine and sixteen-sixtieths bushels of wheat as per the terms and conditions of the following written agreement:

"No. 1769.                        SALEM FLOURING MILLS CO.,
                              SALEM, Oregon, Sept. 11, 1897.
Received in store for account of Fleischner, Mayer & Co., two hundred and twenty-nine and sixteen-sixtieths bushels of merchantable wheat in bulk, subject to their order (damages by the elements excepted), on or before the first day of July, next, on payment of two and one half cents per bushel storage, and three and one half cents per bushel for sacks, and the return of this receipt properly endorsed.     The wheat being deliverable on boat or cars sacked.     It is understood and agreed that the Salem Flouring Mills Co. are to have the first refusal of said wheat.                    SALEM FLOURING MILLS CO.,
     Bushels, $229\frac{16}{60}$.                       Per HOLLAND."

It is then stated that it was the custom among warehousemen to store grain so received in bulk with other grain of similar grade and character, and the wheat mentioned and referred to in the complaint was delivered by plaintiffs and received by defendant as a warehousekeeper in accordance with such custom and terms and conditions of the agreement referred to, which was duly executed by defendant, and delivered on the day it bears date to the plaintiffs, and received and accepted by them.

The reply denies the material allegations of the answer, except the execution and delivery of the receipt set out in the answer; "but alleges that said receipt does not contain, and was not intended or understood by the parties thereto to con-

tain, all the terms of the agreement entered into between plaintiffs and defendant, in and by which the defendant received the said wheat; that at the time said wheat was so received by the defendant it was understood and agreed that defendant should have the right, as set out in plaintiffs' complaint, to grind the same into flour, or sell or dispose of the same, at the pleasure and convenience of defendant, and the defendant was to account for the same to the plaintiffs in the manner set out in plaintiffs' complaint.'' The reply contained other allegations to the effect that the receipt set out in the answer did not and was not intended or understood by the parties to contain all the terms of the agreement under which the wheat was received and accepted; but, on motion of the defendant, they were all stricken out, and judgment rendered in its favor on the pleadings, from which the plaintiffs appeal.

1. The judgment of the court below seems to be based on the theory that the wheat receipt set out in the answer constituted the entire contract between the parties, and could not be contradicted or varied by parol. But an error of this position lies in the fact that under the pleadings there is an issue as to whether this receipt contained the terms and conditions upon which the wheat was delivered by plaintiffs and received by defendant. It is not signed by the plaintiffs, and could only become a contract by being received and accepted by them as such, and this they deny. As the pleadings stand, the defendant alleges that the contract under which it received the wheat mentioned in the complaint is embodied in the written instrument, while the plaintiffs deny that such instrument contained, or was intended or understood by the parties to contain, all the terms of the contract between them. An issue of fact is thus presented which can only be determined by a trial and upon testimony.

2. A receipt issued by a warehouseman and accepted by the owner of the commodity stored, as expressing the terms and conditions upon which it was delivered and received, is a contract, and, like all other written contracts, cannot be contradicted or varied by parol [*Marks* v. *Cass County Elev. Co.* 43 Iowa, 146; *Goodyear* v. *Ogden,* 4 Hill, 104; *Thompson* v.

*Thompson,* 78 Minn. 379 (81 N. W. 204, 543) ; but when the receipt is silent as to the terms of the contract, it may be shown by parol [*State* v. *Stockman,* 30 Or. 36 (46 Pac. 851)] ; and when its language is ambiguous and uncertain, it must, like any other contract, be interpreted in the light of the surrounding circumstances: *McCabe* v. *McKinstry,* 5 Dill. 509 (Fed. Cas. No. 8,667) ; *Ledyard* v. *Hibbard,* 48 Mich. 421 (12 N. W. 637, 42 Am. Rep. 474) ; *Andrews* v. *Richmond,* 34 Hun, 20 ; *Lyon* v. *Lenon,* 106 Ind. 567 (7 N. E. 311) ; *Bucher* v. *Commonwealth,* 103 Pa. 528; *Lonergan* v. *Stewart,* 55 Ill. 44. Until the question of fact made by the pleadings is determined, it would be useless to express an opinion as to the proper construction of a wheat receipt such as that set out in the answer, if, indeed, it could be intelligently interpreted without proof of the surrounding circumstances.

The judgment will be reversed, and the cause remanded for such further proceedings as may seem proper, and not inconsistent with this opinion.                                          REVERSED.

<div style="text-align:center">

Decided 23 April, 1902.

ON MOTION FOR REHEARING.

</div>

MR. CHIEF JUSTICE BEAN delivered the opinion.

We cannot agree with counsel that the pleadings admit that the receipt embodied the contract under which the wheat was delivered and accepted. It is admitted that the receipt was issued and delivered, but not as the contract between the parties. The plaintiffs affirmatively allege that it does not contain, and was not intended to contain, all the terms of such contract, and, as it is not signed by the plaintiffs, it could not become a contract binding on them unless it was received and accepted as such. A mere delivery and acceptance would not make it a contract, if accompanied by a stipulation that it did not contain the agreement between the parties; and this, as we understand the pleadings, is asserted by the plaintiffs. Under this interpretation of the pleadings, the petition should be denied, and it is so ordered.                      REHEARING DENIED.