JAMES F. HALLIGAN, Appellee, v. CHARLES A. KELLER, Appellant.

**Pleadings:** AMENDMENT: DISCRETION. The court in its discretion may
1    allow the plaintiff in an action for money advanced to reply to the
     answer after verdict, and thus for the first time allege that certain
     items were by mistake omitted from a receipt given the defendant
     for money advanced, and thus conform the pleadings to the evidence.

**Judgments:** ADMISSION: EFFECT. Where defendant in his answer ad-
2    mitted that plaintiff was entitled to recover on his claim as made by
     the petition, a judgment for that amount was proper, regardless of an

unpleaded written agreement between the parties which would defeat recovery.

**Direction of verdict:** WHEN JUSTIFIED. The uncontradicted testimony of plaintiff as to the amount due him, in response to which defendant offered simply a receipt or memorandum calling for a less amount, was sufficient to sustain a directed verdict for the amount of plaintiff's claim, where plaintiff fully explained a mistake in the receipt, which explanation defendant in no manner contradicted.

*Appeal from Scott District Court.*—HONS. A. J. HOUSE and WM. THEOPHILUS, Judges.

TUESDAY, OCTOBER 6, 1914.

THE opinion states the nature of the action and the material facts.—*Affirmed.*

*Isaac Petersberger,* for appellant.

*Sharon & Higgins,* for appellee.

WEAVER, J.—The substance of plaintiff's claim is that he advanced money, at defendant's request, for the purchase and maintenance of a laundry business in the city of Davenport, and that there is due and unpaid from the defendant the sum of $1,882 and interest. The answer of defendant, in addition to a denial, pleads an alleged accounting between the parties, in which it was found that defendant's indebtedness to plaintiff upon the transactions in controversy was the sum of $1,772.23, of which sum defendant then and there paid $850, leaving now due plaintiff $992.23, and for this sum, with interest from August 20, 1909, judgment was offered on the trial. In support of such defense, defendant exhibits and relies upon a receipt given him by plaintiff, under the date named, for $850, upon which receipt is a memorandum indicating that the unpaid balance of indebtedness was but $992.23. Plaintiff admits giving the receipt, but testifies that a mistake was

made in the added memorandum by the omission from the computation of certain specified items, and that the balance due, after crediting this $850, was in fact $1,882.07. On the trial the plaintiff, having testified to his version of the dealings with defendant, rested his case, and, the defendant having offered no evidence except the receipt and memorandum above mentioned, the court sustained a motion to direct a verdict for plaintiff for the larger amount, and, from the judgment on that verdict, defendant appeals.

It should here be said that plaintiff's claim as to the mistake in the receipt was not pleaded until after verdict, when he was permitted to file a reply to the answer, in which he set up the facts substantially as he had testified to them. Error is assigned upon the allowance of this pleading, but we think it clearly within the court's discretion to permit the filing, thus making the pleadings conform to the evidence and to the theory of the trial.

1. PLEADINGS: amendment: discretion.

Some question is raised whether plaintiff's right of action, if any, is not upon a certain written agreement between the parties. The alleged written contract is not pleaded or relied upon in petition or answer, and the answer in effect concedes plaintiff's right of recovery upon the case made in the petition; the sole contest being upon the amount of defendant's indebtedness. There was therefore no error in holding plaintiff entitled to a judgment.

2. JUDGMENTS: admission: effect.

The one question fairly presented by the record is whether the court erred in directing a verdict for plaintiff for an amount in excess of the indebtedness admitted by defendant. The plaintiff testified specifically to the transactions with defendant and to the several items making up the aggregate of his claims and showing the remainder still unpaid. The defendant, who could have testified to his own version of the facts, had he cared to do so, did not go upon the witness stand, but contented himself

3. DIRECTION OF VERDICT: when justified.

with an offer of the receipt given him for a payment of $850, and the memorandum thereon stating the balance due to be $992.23. Concerning this memorandum, plaintiff testified positively that it was made by mistake, and did not represent the real amount of the unpaid remainder, and he made a detailed showing of the items of cash advanced by him. In none of these was he disputed by defendant. The receipt and memorandum did not constitute a contract, and were open to explanation. *Mounce v. Kurtz*, 101 Iowa, 192; *Highley v. Railroad Co.*, 99 Iowa, 523. That explanation was given, and defendant, though he had the opportunity, did not undertake to deny or avoid it. A finding by the jury, denying the recovery would have been so clearly against the evidence that the court must have refused to sustain it, and the direction of a verdict was therefore without error. We find no sufficient reason for disturbing the judgment below, and it will be affirmed.

The appellee asks this court to assess a penalty against appellant of 15 per cent. upon the amount of the recovery on the ground that the appeal was taken for delay only. With some hesitation we deny the motion, but it must be said that the manner in which the submission of the appeal has been delayed has been little less than vexatious. The judgment appealed from is—*Affirmed.*

· LADD, C. J., and EVANS and PRESTON, JJ., concur.