Leslie G. Loomis and Leslie G. Loomis, Jr., Plaintiffs, *v.* Lehigh Valley Railroad Company, Defendant.

(Supreme Court, Ontario Special Term, February, 1921.)

Pleading — when defendant not entitled to an order to compel plaintiff to amend complaint — carriers — actions.

Where a complaint, as a second cause of action, alleges that plaintiffs tendered to the defendant certain shipments of merchandise for transportation to various points upon its own and connecting lines; that defendant supplied for such shipment ordinary box cars, but that plaintiffs, in order to load the cars, either to mimimum or maximum capacity, were compelled to equip them with inside or grain doors or bulkheads, at an expense of a specified sum, defendant is not entitled to an order requiring plaintiffs to amend the complaint by separately stating and numbering the causes of action contained in the second cause of action, and defendant's motion for such an order will be denied.

MOTION on behalf of the defendant in the action above entitled for an order requiring the plaintiffs to amend the complaint by separately stating and numbering the causes of action contained in the second cause of action alleged therein.

Myron D. Short, for plaintiffs.

Hubbell, Taylor, Goodwin & Moser (Frank E. Devans), for defendant.

STEPHENS, J. The plaintiffs allege for their second cause of action, in brief, that they tendered to the defendant certain shipments of grain, produce, vegetables and fruits in car lots for transportation to various points upon its own and connecting lines; that defendant supplied for such shipments ordinary box cars, and that they were compelled, in order to load the cars either to minimum or maximum capacity, to equip said cars with inside or grain doors or bulkheads at an expense of eighty-seven dollars and sixty-eight cents.

It does not appear from the complaint, strictly speaking, that there is more than one cause of action involved in the second cause of action alleged although it may be easily inferred; but for the present purpose it will be assumed that there are, as stated, in defendant's brief about one hundred and seventy different instances in this and a companion action of alleged failure by the defendant to furnish suitable cars to the plaintiffs and that these repeated failures furnish the basis for the plaintiffs' total demand, in the two actions.

I am unable to approve the defendant's position, so earnestly presented by counsel, that each failure on the part of the defendant to provide a car adequately

equipped for its particular purpose constitutes a separate cause of action so that the plaintiffs must split their aggregate claim into its multitude of component fragments.

It is immaterial whether the duty of the defendant to furnish suitable cars has a common law or statutory origin (*Loomis* v. *Lehigh Valley R. R. Co.*, 208 N. Y. 312; 240 U. S. 43); the obligation in either event had a common source; the relation between the plaintiffs and the defendant in each individual shipment was identical, that of shippers on the one part and carrier upon the other; each alleged failure by the defendant in its duty is essentially the same and like means were taken by the plaintiffs on each occasion to render the cars serviceable and the same legal remedy is available to the plaintiffs in each case for their reimbursement; the variant elements relate to the destination of the shipment, character and weight of it, the number, height and location of the bin doors supplied by the plaintiffs and perhaps other factors mentioned in the freight tariffs that enter into the problem of the amount to be allowed by a carrier to a shipper for such services as the plaintiffs may establish that they have performed.

In *Loomis* v. *Lehigh Valley R. R. Co., supra,* the complaint was substantially the same as here and while the Court of Appeals stated that there were two causes of action alleged in the complaint, one for the items disbursed in intrastate shipments and one for those in interstate shipments, there was no suggestion that each item in either class of shipments constituted a separate cause of action; it is probable, however, that no ruling in this respect was requested or made.

The conclusion that I have reached is that the defendant is not entitled to have the separate items

of plaintiffs' claim stated and numbered as separate causes of action; both as a legal and as a practical proposition it is no differently situated than if it was defending plaintiffs' first cause of action only which alleges as the ground of recovery the value of lumber furnished at different times at the request of the defendant; as above indicated the items that measure the extent of defendant's liability under the second cause of action have a common origin no less than if they were of contractual origin.

This result is in harmony with that in *Langdon* v. *New York, L. E. & W. R. Co.*, 15 N. Y. Supp. 255, where a similar motion in a situation quite like the one presented here was denied. The motion is denied.


Motion denied.