RAY YARDLEY, Appellee, v. IOWA ELECTRIC COMPANY, Appellant.

**APPEAL AND ERROR:** Review—Questions of Fact—Conflicting Evidence. Jury findings on disputed fact questions are conclusive on the appellate court.

**EVIDENCE:** Parol as Affecting Writings—Receipts. An indorsement on a pay check to the effect that "this voucher check is issued in full payment for services rendered to and including [a specified date]" constitutes a *receipt* only, and is open to parol explanation, even though no fraud or mistake be shown.

*Appeal from Jefferson District Court.*—C. W. VERMILION, Judge.

FEBRUARY 6, 1923.

Action to recover wages alleged to be due plaintiff on overtime work performed for the defendant company. Cause submitted to a jury resulting in a verdict in favor of plaintiff in the sum of $295.72 with interest. From the judgment entered defendant appeals.—*Affirmed.*

*John A. Reed, Ralph Maclean, D. C. Chase, Jr.,* and *Starr & Jordan,* for appellant.

*Thoma & Thoma,* for appellee.

DE GRAFF, J.—The first and essential proposition presented by this appeal involves the terms and provisions of the oral contract of employment between plaintiff and defendant. That the plaintiff was in the employ of the defendant company as a stoker at its gas plant is not in dispute. The primary denial on the part of the company concerns the claim of the plaintiff that he was to be paid for his time in service in excess of an 8-hour day and the evidence in this particular is in sharp conflict.

1. APPEAL AND ERROR: review: questions of fact: conflicting evidence.

Plaintiff testifies that the manager of the defendant company told him when he re-entered upon his work on April 7, 1920 that the plant had been put on an 8-hour basis; that his wages would be $110 per month; that he would be paid for overtime; that he was furnished time sheets by the company; that these time sheets should contain a record of his overtime, and that he should file same daily in the office of the defendant company. Time slips were so furnished to the plaintiff and a record of his hours of work were turned in by him every day during the period of his employment which terminated on the 24th day of September 1920. The defendant company through its manager denied that the contract of service in question contemplated compensation for overtime. The evidence being in conflict, and the jury having accepted plaintiff's theory under the proof tendered, and having determined the cause in favor of the plaintiff, its finding in this particular must be considered by this court as a verity.

We now pass to the second proposition which is incidental and subsidiary to the contract of service so determined. Has the defendant company discharged its obligation under that contract? What was the manner and method adopted by the company in the payment of its contractual obligation? The record discloses that on the back of every pay check accepted by the plaintiff was printed the following words: "Endorsement by the payee below will constitute a receipt in full for the amount and items indicated."

2. EVIDENCE: parol as affecting writings: receipts.

Payment by the company was incidental to the contract of employment. Payment at stated times was contemplated by

that contract, but the manner and method of payment was a matter to be determined by the company. It adopted the check system, and it may not be said when a pay check was tendered to the plaintiff that a new contract was intended by the parties or that a modification of the original contract of service was within the purview of the parties. A new contract was not created. It involved simply a method of discharging a legal obligation. Nor may it be said under the evidence that the amount at each stated period of payment was in dispute. The defendant company denies that there was an agreement to pay for overtime, but this denial harks back to the date of the agreement in question, though it may be considered as a continuing denial up to the time of the trial.

The plaintiff testifies that when his name was indorsed by him on certain pay checks, complaint was made by him that the checks did not include his overtime, and he was assured by the manager that this matter would be taken up with the company and he would see that plaintiff got his extra pay. The provocation for the statement is chargeable to these words found on the face of the check, to wit:. "This voucher check is issued in full payment for services rendered to and including . . . . . . . . ." No other conditions were specified and no specific items were indicated or time other than date of payment and acceptance mentioned. The conversation as to overtime is also denied by the defendant, but nevertheless it presented a fact question and it was for the jurors to say whom they would believe.

Nor does the fact that the plaintiff rested six months subsequent to his last pay check before communicating with the defendant company in relation to this matter act as a bar to his recovery. This fact would have a bearing upon the weight and credibility of the testimony offered by the plaintiff. As stated the method and manner of payment was subsidiary to the contract of service and incidental thereto. Whether the indorsement by plaintiff on the pay checks is in effect a contract or a mere receipt is a question of law. If a contract then the parol evidence rule may properly be invoked. If the signed memorandum is but a receipt then it may be explained and varied by parol testimony.

The acceptance of plaintiff of the payments made to him by defendant and the memorandum executed by him do constitute presumptive evidence that the several payments so made to plaintiff were in full for all services rendered by plaintiff to the defendant, up to and including the dates stated in the several checks given to plaintiff and recited in the indorsements thereon. Unless the presumption arising by reason thereof was met and overcome by the plaintiff, the defendant was entitled to a verdict. The trial court so instructed. It was for the jury to find whether it was agreed between plaintiff and the defendant's manager that the payments so made and the indorsements so executed were not to cover or include the overtime as claimed by the plaintiff. The jury determined the question in the light of all the evidence and under proper instructions of the court in favor of the plaintiff. We discover no reason why that finding should be disturbed.

It cannot be seriously claimed that plaintiff's indorsements were made as an acknowledgment of settlement of a disputed claim. The indorsement on the instruments in question constitutes a receipt and is therefore open to explanation. A receipt is not a contract, and it is always admissible to show the purpose of a receipt and the real intent of the parties thereto. To contradict a receipt it is not necessary to allege that it was secured by fraud or mistake. As bearing on the proposition see, *Farmers Sav. Bank v. Aldrich,* 153 Iowa 144; *Doyle v. Burns,* 123 Iowa 488; *Thompson v. Maxwell* 74 Iowa 415; *Higley & Co. v. Burlington, C. R. & N. R. Co.,* 99 Iowa 503.

Briefly stated the receipt constitutes prima-facie evidence of its recitals, and each case in which the character of the instrument is involved must depend upon its own particular facts. The giving of a name to an instrument in the instrument itself is not conclusive, but the paper must be viewed in its entirety and with due regard to the conditions surrounding its execution. Judged by these principles, the facts and circumstances of the instant case preclude the theory advanced by appellant. This appeal presents fact questions and in the absence of reversible error by the trial court the findings of the jury must be respected by this court. Wherefore the judgment entered is—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.