STATE OF IOWA, Appellee, v. WALTER PERKINS, Appellant.

No. 39753.

NOVEMBER 12, 1929.

*John E. Lake,* for appellant.

*John Fletcher,* Attorney-general, and *Blanchard W. Preston,* County Attorney, for appellee.

GRIMM, J.—The indictment charges that the defendant, on or about the 23d day of December, 1927, in the county of Mahaska and state of Iowa, did keep and carry around on his person and in an automobile, intoxicating liquors, with the intent and for the purpose of then and there selling and disposing of the same, contrary to law. The record tends to show that in a garage in Oskaloosa, on the evening of the 23d of December, 1927, two witnesses bargained with the defendant for the purchase from the defendant of a half can of alcohol. He refused to sell half a can, but contracted to sell and deliver the whole

can for the agreed price of $18. He stated, however, that he must go out in the country for it. One of the witnesses went along. The other waited in the garage. Each of the witnesses paid a portion of the purchase price, and the can of alcohol was delivered.

I. Sixteen errors relied upon for reversal are shown in the argument, but none of them comply strictly with the rules of this court. Samples are Nos. 6 and 13:

"The court erred in refusing to direct the jury to return a verdict for the defendant on the defendant's motion made at the close of the case." (Abstract page 12, line 25, to page 13, line 11.)

"The court erred in giving to the jury Instruction No. 6." (Abstract 24, line 30, to Abstract 25, line 4.)

It has been repeatedly held by this court that omnibus errors relied upon for reversal, in blanket form such as the foregoing, are not sufficient, under the rules of this court, to present anything for our consideration and determination. Among the numerous cases on the subject we may cite the following: *Blakely v. Cabelka*, 207 Iowa 959; *Ryan Bros. v. Rate*, 203 Iowa 1253; *State v. Briggs*, 207 Iowa 221; *Harrington v. Southern Sur. Co.*, 206 Iowa 925.

Notwithstanding that, under the rules, there is nothing before us for consideration, we have carefully examined the entire record in this case, and the errors relied upon for reversal. Many of them pertain to alleged errors in sustaining objections made by the county attorney to questions propounded by the defense. In some of these instances, the objections could properly have been overruled; but, upon the whole record, we think the conduct of the trial court in this regard was without prejudice to the rights of the defendant.

Errors relied upon for reversal Nos. 4 and 5 pertain to some testimony tending to show that the defendant sought to, or did, flee from arrest. The errors, if any, in connection with this line of testimony were without prejudice to the defendant.

Upon the whole record here presented, we find no cause for reversal, and the case is—*Affirmed*.

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.