D. F. HALLOWELL & SONS, Appellant, v. MARTIN VAN ZETTEN, Appellee.

No. 40969.

DECEMBER 17, 1931.

F. L. Meredith, for appellant.

John McLennan, for appellee.

GRIMM, J.—In July, 1929, the plaintiff filed a petition at law to recover judgment on a promissory note for $78.00, executed and delivered on the 7th day of February, 1921, in payment of merchandise purchased from the plaintiff. It is claimed that the total amount due at the time the petition was filed was $156.00. The defendant answered, admitting the execution and delivery of the note, and alleging that it had been paid in full by two installments, one on February 22, 1921, and the other on February 26, 1921. The jury found for the defendant, and the plaintiff appeals.

 I. Many contentions are raised by the plaintiff as grounds for a reversal. Several of them pertain to the instructions, but we are unable to pass upon these questions, because the abstract does not set forth the instructions.

 II. The plaintiff raises several objections, based upon the introduction of certain receipts tending to show that the note had been paid. The receipts do not show that they represent payments of the note, but the defendant introduced wit-

nesses who testified that the payments were made and accepted as payments on the note.

No error was committed by the court in permitting this explanation of the written receipt. In Effron-Kushner & Co. v. American Railway Express Co., 195 Iowa 1168, 1. c. 1172, this court said:

"The rule is well recognized that a written receipt may be explained by parol evidence. Mounce v. Kurtz, 101 Iowa 192; Higley & Co. v. Burlington, C. R. & N. R. Co., 99 Iowa 503; Halligan v. Keller, 167 Iowa 72; Butler v. Farmers Nat. Bank, 173 Iowa 659; Lowe Bros. & Co. v. Young, 59 Iowa 364; Wadsworth v. Allcott & Smith, 6 N. Y. 64; Gafford v. Globe Trans. & Stor. Co., 71 Wash. 204 (128 Pac. 228) ; Hirsch v. Salem Mills Co., 40 Ore. 601 (67 Pac. 949)."

In Bremhorst v. Phillips Coal Co., 202 Iowa 1251, 1. c. 1260, this court said:

"A receipt is not a contract, and is subject to parol explanation without a plea of fraud or mistake. Yardley v. Iowa Elec. Co., 195 Iowa 380; Effron-Kushner & Co. v. American R. Exp. Co., 195 Iowa 1168. There was no burden, as instructed by the court, that the defendant was under obligation to prove a mutual mistake."

Other cases of a similar character might be cited.

The plaintiff claims that the payments in question were made upon an open book account. They were so applied by the plaintiff.

On the record as made, there arose a controversy of fact, the defendant claiming that, at the time the payments were made, it was understood and agreed that they were to be endorsed upon the note, and after the last installment, the note was to be returned to the defendant; while the plaintiff denies any such conversation or agreement.

As previously stated, the instructions are not before us, and we assume that the trial court correctly instructed the jury in submitting this question to them. The jury found the fact question for the defendant.

III. Various other complaints are made by the appel-

lant, but none of them are presented in accordance with the rules of this court, and cannot be considered.

See Supreme Court Rule No. 30; Blakely v. Cabelka, 207 Iowa 959; State v. Perkins, 208 Iowa 1394; Blomgren v. City of Ottumwa, 209 Iowa 9; Hedrick National Bank v. Hawthorne, 209 Iowa 1013; Peoples Trust & Savings Bank v. Smith, 212 Iowa 124; Brenton v. Lewiston, 213 Iowa 227; State v. Martin, 210 Iowa 376; Dailey v. Standard Oil Company, 213 Iowa 244.

It follows that the cause must be, and is, affirmed.

DE GRAFF, WAGNER, ALBERT, KINDIG, MORLING, and STEVENS, JJ., concur.