## BLACK HAWK COUNTY v. COTTER.

1. Bastardy: RIGHT OF WOMAN TO SETTLE AND DISMISS PROCEEDINGS. The mother of an illegitimate child may, by a fair settlement, founded upon a reasonable consideration with the putative father, preclude herself and the county from the right to maintain a proceeding under the provisions of the statute relating to bastardy to secure to her the maintenance of the child.

2. —— Whether she can by such a settlement preclude the county from the right to resort to this kind of a proceeding to compel the putative father to execute bond, with surety, to indemnify the county, and all counties, for any expense which might hereafter be incurred by them for the support of the child, in case it should become a public charge, *quere*.

3. —— The circuit court has no power to order that the defendant in a bastardy proceeding shall pay specified sums at fixed periods for the maintenance of the child. This power is reserved to the district court.

*Appeal from Black Hawk Circuit Court.*

THURSDAY, JULY 27.

ON the 19th day of September, 1871, a complaint was filed in the circuit court of Black Hawk county, stating that one "Catherine A. Trexel, an unmarried female, was, on the 2d day of May, 1870, in said county, delivered of a male child; that said child was illegitimate and a bastard, and that M. L. Cotter was the father of said child." Summons was issued and served, and at the October term the defendant appeared and filed his answer: 1. Denying that he was the father of said child; and 2. That on the 15th day of April, 1870, he settled with the said Catherine A. Trexel, the mother of said illegitimate child, and paid her the sum of $100 in full for all claims for the support and maintenance of said child; that the same was paid and received as full and absolute payment for all claims which she or Black Hawk, or any other county in said State, had or might have on said defendant for the support or maintenance of the said illegitimate child.

The plaintiff moved to strike out of the answer the second paragraph, because it was irrelevant and no legal defense; and because the said Catherine A. Trexel had no authority to make any such settlement, and if she did make it, the same is void as against plaintiff. The court sustained the motion and struck out the second paragraph, and the defendant duly excepted. At the next term of court the cause was tried, the defendant found guilty and ordered to pay $120 per year, payable quarterly, for the support of the child, and to execute a bond in the sum of $1,000, with approved surety, to save the county and all others from all charges on account thereof. The defendant excepted and appeals.

*O. Miller* and *Griffith & Knight* for the appellant.

*J. H. Preston* for the appellee.

COLE, J.—I. The first question made by the appellant is whether the second count of his answer constituted any defense? In our opinion it did constitute, at least, a partial defense, and ought not to have been stricken out. Our present statute is the same as the code of 1851, so far as respects bastardy proceedings. In the case of *Holmes* v. *The State*, 2 G. Greene, 501, a proceeding under a similar statute was held to be *a civil action* of a summary nature to secure to the woman a speedy remedy for the support of her child; and it was there said, that " the mother may dismiss the prosecution, settle the matter and release the defendant if she chooses; or, if judgment is obtained, receipt in full, and the State cannot interfere or prevent it." It is quite probable that what is there said respecting the right and power of the mother to settle may be *dictum;* the very point in contest in that case was, whether the proceeding was a civil or criminal one. But the statute has been substantially re-enacted and continued in force, in full view of this judicial declaration as to the right and power of the mother to settle and receipt in full.

Without now holding that the mother of an illegitimate child may settle in full with the father so as to bind the county of the birth and all others, thereby, yet we are of the opinion that since the proceeding is a civil one " of a summary nature to secure to the woman a speedy remedy for the support of her infant child," that she may, by a fair settlement upon a reasonable consideration, preclude herself and the county from the right to maintain this proceeding in order to secure to her the maintenance of the child. Whether she can, by any settlement she may make, preclude the county from the right to resort to this kind of proceeding to compel the putative father to execute the bond with surety to indemnify the county, and all counties for any expense which might thereafter be incurred by them for the support of the child, in case it should become a public charge, we need not, and do not, now determine.

But we do hold that the matters pleaded in the second count constitute a defense, at least to so much of the action as pertains to the personal right of the mother to recover compensation for her support of the child. It was error, therefore, to sustain the motion.

II. The only other question made relates to the power of the circuit court to order that the defendant be charged with the maintenance of the child in specified sums, payable at fixed periods. By Revision, chapter 58, which was chapter 49 of the Code of 1851, proceedings in bastardy cases were required to be commenced before the county court (Rev., § 1416); and the only order or judgment the county court had jurisdiction to render was, in case the court should be of opinion that the defendant was the father of the child, to adjudge him to give security to the county, conditioned to save the county, and also every other county in the State, from all charges toward the maintenance of the child. Rev., § 1420. In case the accused appealed to the district court, that court had power to adjudge him to pay specified sums at fixed periods. Rev., § 1423.

By chapter 86 of laws of 1868 (the act creating the circuit court), that court was given original and exclusive jurisdiction of all actions and proceedings of which the county court then had jurisdiction; and by chapter 153 of laws of 1870, appeals for the re-trial of cases, arising under chapter 58 (the bastardy act) of the Revision, are required to be taken to the district court. We conclude that the only jurisdiction which the circuit court possesses in such cases is the same, and no more than that formerly possessed by the county court, and, therefore, that it had no authority to order the defendant to pay specified sums at fixed periods. *Coburn* v. *Mahaska Co.*, 4 G. Greene, 242.

Reversed.