THE STATE v. NOBLE.

1. **Bastardy:** SETTLEMENT WITH MOTHER AS A DEFENSE. A settlement upon a contract fairly entered into between the putative father of a bastard child and the mother, in regard to the support of the child, is a good defense to a proceeding instituted by the mother in the name of the state to compel the father to provide such support. (*Black Hawk County v. Cotter*, 32 Iowa, 125, followed.)

2. **Practice on Appeal:** FINDING OF FACT: CONFLICTING EVIDENCE. In this case bastardy proceedings, and a case of *habeas corpus* for the possession of the bastard child under an alleged contract, were consolidated, and the court, upon conflicting evidence on all the issues, awarded the child to the mother, and charged defendant with its support. *Held* that the judgment could not be disturbed on appeal to this court.

*Appeal from Decatur District Court.*

FRIDAY, DECEMBER 3.

ONE Margaret J. Talbot filed a complaint in the district court, charging that defendant was the father of an illegitimate child, of which the complainant was the mother. The defendant answered, admitting the allegations of the complaint, but alleging that he had settled with the complainant in full for all claims for the support and maintenance of said child, and he set out a copy of a written contract between the parties, by which it was stipulated that defendant should pay the mother of the child for its support a stipulated amount each week until it became one year old, and that at the expiration of that time the mother would surrender to him the full custody and control of the child, and that he should thereafter have the absolute custody and control of it.

After the child attained the age of one year, defendant sought to obtain possession of it, but the mother refused to deliver it to him. He thereupon filed his petition for a writ of *habeas corpus*, claiming the custody of the child under said agreement. In her answer in that proceeding, the mother of the child alleged that her signature to the contract was obtained by fraud, and that she signed it in ignorance of its provisions. The two proceedings were consolidated and tried together. The district court entered judgment denying defendant the custody of the child, and awarding the same to the mother; also requiring defendant to pay to her a specified amount for the support of the child until it became ten years old. From that judgment defendant appealed.

*E. W. Curry*, for appellant.

*Bullock & Hoffman* and *M. F. Stookey*, for appellee.

REED, J.—If the contract pleaded by defendant was fairly entered into, it constituted a defense to the action for the support and maintenance of the child. *Black Hawk County v. Cotter*, 32 Iowa, 125. And in determining to which of the parties the custody of the child should be awarded, the question as to the validity of said contract was important, although not necessarily controlling. The principal object which the courts seek to secure in cases of that character is the welfare of the child. The judgment rendered by the district court necessarily implies a finding by the court that the contract was obtained by fraud, as charged in the answer in the *habeas corpus* proceeding, and that the best interests of the child would be served by awarding the custody of it to the mother.

There was a conflict of evidence on both of these questions, and the finding of the court has the weight and effect of a verdict by a jury. The finding is not so manifestly against the weight of the evidence as to warrant us in setting it aside.

The judgment will be

AFFIRMED.