STATE OF IOWA, Appellant, v. RAY AMRINE, Appellee.

**EVIDENCE:** **Parol as Affecting Writings—Receipts.** An instrument
1   reciting the receipt of a sum of money in full settlement of the
    damages growing out of the pregnant condition of a woman is a
    receipt, and not a contract, and therefore subject to oral explanation.

**BASTARDY:** **Settlement.** Principle reaffirmed that the mother of an
2   illegitimate child, if she has attained her majority, may settle with
    the father of the child and thereby bind herself and all others.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

NOVEMBER 11, 1924.

PROCEEDINGS in bastardy. At the close of the testimony, the court directed a verdict in favor of the defendant, and the State appeals.—*Reversed.*

*Edward L. O'Connor*, County Attorney, and *A. E. Maine*, for appellant.

*Henry G. Walker*, for appellee.

FAVILLE, J.—But one question concerns us upon this appeal. Sometime prior to the institution of the present proceeding, appellee paid to the complaining witness $75 in money, and at said time the complainant executed and delivered to appellee a written instrument, as follows:

"Whereas, Liola Garnett claims that she is now in the family way as a result of intercourse with Ray Amrine, but she expressly admits that she does not claim that said Ray Amrine has been guilty of any crime by reason thereof; and,

"Whereas, said Ray Amrine denies the claims of said Liola Garnett but is willing to pay seventy-five ($75.00) dollars in settlement of any alleged claim for damages of any kind which said person may have or claim to have,

"Now therefore, I, Liola Garnett, do hereby accept and receive the sum of seventy-five ($75.00) dollars in full and complete settlement of any claim of any kind which I may have, or claim to have against said Ray Amrine on account of my pregnant condition which I contribute to him, and I have accepted and received said sum with full knowledge that said Ray Amrine denies his responsibility for my condition, and I admit that he has not been guilty of any crime as against me and that he has not been guilty of seduction as against me.

"Dated January 11th, 1922.

"Liola Garnett."

This instrument was pleaded by appellee as a complete

defense to this action. The State, in reply, alleges that, at the time the said written instrument was given, no settlement was in fact made, releasing appellee from any liability, and that said money was paid solely for the purpose of aiding the complainant in the payment of hospital expenses incurred by her at the time of the birth of her child. It is also alleged that no settlement was ever discussed at the time said instrument was signed; that the same was not explained to her; that it does not express the true intention of the parties; that complainant was not present when the same was drawn; and that, when she signed the same, she was advised that it was for the purpose only of securing the sum therein expressed for defraying hospital expenses, and for no other purpose whatever.

*1. EVIDENCE: parol as affecting writings: receipts.*

Upon the trial of the case, the complainant was a witness, and was interrogated in regard to the execution of said written instrument, particularly as to who presented it to her at the time it was signed, whether she read it, whether or not anyone talked with her about any settlement between her and appellee, and whether she was present when the instrument was prepared, who was present when she signed it, and whether the instrument was read to her. Objections to interrogatories in regard to all of said matters were sustained by the trial court.

The written instrument was received in evidence, and the court directed a verdict in behalf of appellee upon the grounds that said written instrument constituted full and complete settlement of any and all claims of whatsoever character against appellee in connection with the matters involved in this proceeding.

No specific offers were made as to the testimony sought to be elicited by the interrogatories to which objections were sustained; but the questions themselves, in the light of the issues as tendered, sufficiently disclosed the purpose of the testimony. It is well settled in this state that the mother of an illegitimate child, if she has attained her majority, may settle in full with the father and bind herself and all others by the settlement. *Black Hawk County v. Cotter*, 32 Iowa 125; *State v. Noble*, 70 Iowa 174;

*2. BASTARDY: settlement.*

*State v. Baker,* 89 Iowa 188; *State v. Meier,* 140 Iowa 540; *Erickson v. Erickson,* 191 Iowa 1393.

If the said written instrument is a contract constituting a full and complete settlement between the complaining witness and appellee, then it is binding in this case, and the offered evidence was properly rejected, and the motion to direct a verdict was properly sustained. On the other hand, if the written instrument is construed to be merely a receipt for money paid, it is subject to explanation. In *Yardley v. Iowa Elec. Co.,* 195 Iowa 380, we said:

"A receipt is not a contract, and it is always admissible to show the purpose of a receipt and the real intent of the parties thereto. To contradict a receipt it is not necessary to allege that it was secured by fraud or mistake. As bearing on the proposition see *Farmers Sav. Bank v. Aldrich,* 153 Iowa 144; *Doyle v. Burns,* 123 Iowa 488; *Thompson v. Maxwell,* 74 Iowa 415; *Higley & Co. v. Burlington, C. R. & N. R. Co.,* 99 Iowa 503."

We are constrained to hold that the written instrument in controversy was subject to oral explanation, and that the offered evidence should have been admitted. There was nothing in the written instrument to indicate that any action of any character had been or would be brought, and we think the State was entitled to show, by parol evidence, what the true understanding and agreement of the parties were with regard to what the money referred to in the written instrument was in fact paid for. If this written instrument was obtained by deceit, misrepresentation, or overreaching, or if it applied only to one subject-matter, it was certainly subject to explanation at the instance of the State. A public interest is here involved. The State is a party, and it is doubtful if any pleading of fraud or mistake is required on the part of the State in order to contest the validity of a written instrument whereby a defendant claims protection against his liability for support in an action of this kind, brought in behalf of the State.

We are disposed to hold that the court erred in rejecting the testimony offered by the State in regard to said matter, and that this constituted reversible error. A similar question was

before us in *State v. Meier,* supra, where the matter was discussed at some length.

The court erred in excluding the testimony offered by the State in explanation of the written instrument, and in directing the jury to return a verdict in favor of appellee, based upon the execution and delivery of said written instrument. It therefore follows that the cause must be reversed and the cause remanded for new trial. It is so ordered.—*Reversed and remanded.*

Arthur, C. J., and Evans and Preston, JJ., concur.